TRIEBER v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department.    March 15, 1912.)

1. DEATH (§ 99*)—ACTIONS FOR DEATH—DAMAGES—EXCESSIVE.

In an action for the negligent death of a person 60 years old, in ordinary health, and employed as an architectural draughtsman at a salary of $30 a week, and who left a widow and two grown daughters, one unmarried and living at home, a verdict of $15,000 is not excessive.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125–130; Dec. Dig. § 99.*]

2. APPEAL AND ERROR (§ 1202*)—APPELLATE JURISDICTION—COURT OF APPEALS —REMISSION FOR INQUISITION.

Under Code Civ. Proc. § 194, which provides that on the determination by the Court of Appeals, on an appeal from an order of the Appellate Division granting a new trial, that no error was committed in making the order, it must render judgment absolute upon the right of the appellant, and remit the cause to the trial court for the assessment of damages or other proceeding requisite to render the judgment effectual, a motion to set aside the verdict in an action for damages for a negligent death and for a new trial, made under Code Civ. Proc. § 999, which provides that a judge may, at the term at which a verdict is entered, make an order for a new trial, was not the proper practice on an inquisition of damages after a remission to the lower court by the Court of Appeals heard on a stipulation for a judgment absolute and affirming the Appellate Division, which reversed the lower court's judgment for the defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4669; Dec. Dig. § 1202;* New Trial, Cent. Dig. § 7.]

3. APPEAL AND ERROR (§ 1202*)—GROUNDS—FAILURE OF JUSTICE.

Under Code Civ. Proc. § 999, which provides that a court may "in his discretion" order a new trial at the same term at which a verdict was entered, a motion to set aside an inquisition of damages upon the remission of the cause therefor from the Court of Appeals is addressed to the sound discretion of the lower court, and will be granted only for a miscarriage of justice.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4669; Dec. Dig. § 1202.*]

4. APPEAL AND ERROR (§ 1085*)—APPELLATE DIVISION—ORDER FOR NEW TRIAL.

Whether such exercise of discretion was proper may be reviewed in the Appellate Division, but not in the Court of Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4271, 4272; Dec. Dig. § 1085.*]

5. APPEAL AND ERROR (§ 1048*)—HARMLESS ERROR—PRIVILEGE—PHYSICIAN.

While under Code Civ. Proc. § 834, which provides that a person authorized to practice physic or surgery shall not be allowed to disclose any information acquired in attending a patient in a professional capacity, and under section 836, which provides that section 834 shall apply to the examination of a witness, unless the provisions thereof shall be expressly waived by the patient, or, after his death, by his personal representative, on a trial of a cause for damages for the death of a person from negligence, the privilege to refuse to have testimony as to what the deceased had been treated for on a certain occasion belonged to the personal representative of the deceased rather than to the physician, a refusal to compel the physician to answer on his own objection would not be a reversible error, unless it appeared that the evidence sought was material to the issues.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140– 4145; 4151, 4158–4160; Dec. Dig. § 1048.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**6.** APPEAL AND ERROR (§ 1048*)—PRESENTATION OF QUESTIONS IN TRIAL COURT —PRIVILEGE—PHYSICIAN.

A question put to a physician in an action for a negligent death, asking him to state what the treatment was which he had testified to giving to the deceased five or six years before the accident, was insufficient to show that the answer would have shown that the deceased was permanently impaired in health, and will not sustain a claim of miscarriage of justice, so as to justify the setting aside of an inquisition of damages on a remission from the Court of Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. § 1048.*]

**7.** WITNESSES (§ 219*)—PRIVILEGE—PHYSICIAN.

Where, on a trial of an action for the negligent death of a person, there was no express waiver of the professional privilege guaranteed by Code Civ. Proc. § 834, as required by section 836, by the personal representative of the deceased, and where from a colloquy of counsel it is clear that there was no intention to waive, the refusal to require a physician to testify as to what he treated the deceased for at a date five or six years. before the death was proper.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 769, 781, 782; Dec. Dig. § 219.*]

Jenks, P. J., dissenting.

Appeal from Trial Term, Queens County.

Action by Sarah J. Trieber, as executrix, etc., against the New York & Queens County Railway Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

See, also, 134 App. Div. 661, 119 N. Y. Supp. 439.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

G. B. Hanavan (Bayard H. Ames and Walter Henry Wood, on the brief), for appellant.

Aaron P. Jetmore (Frederick J. Gardenhire, on the brief), for respondent.

CARR, J. The plaintiff has recovered judgment in the sum of $15,000 damages and costs, etc., making in all $18,626.16. The action was brought to recover damages for the death of plaintiff's husband through the negligence of the defendant. On the first trial there was a judgment for the defendant. On appeal to this court this judgment was reversed, and a new trial granted. The defendant gave a stipulation for judgment absolute and appealed to the Court of Appeals, where the judgment of this court was affirmed. The case then came back to Trial Term for an assessment of damages under section 194 of the Code of Civil Procedure.

[1] The decedent was 60 years of age. He left a widow and two grown-up daughters, one of whom was married, the other living at home with the parents. He was an architectural draughtsman, earning $30 a week from the city of New York, and doing a little outside business. According to the plaintiff's proofs, he was in ordinary health, but slightly lame in the left leg. The defendant attempted to prove that he was in poor health, and afflicted or threatened with a

paralysis or locomotor ataxia. The jury awarded damages of $15,000. It was a large verdict, and the trial court so thought. It was not so large as to indicate passion or prejudice, and we should not attempt to disturb it on that ground alone. We have sustained verdicts as large under similar circumstances. Boyce v. New York City Railway Co., 126 App. Div. 248, 253, 110 N. Y. Supp. 393.

[2] The defendant moved to set aside the verdict on the judge's minutes, and for a new trial under section 999 of the Code of Civil Procedure. This practice was not proper on an inquisition of damages. Bossout v. R., W. & O. R. Co., 131 N. Y. 37, 29 N. E. 753.

[3] The court, however, treated the motion as one to set aside the inquisition, and as such one addressed to its discretion, and, after consideration, denied the same. For this practice there is precedent, although the practice under such circumstances is not prescribed expressly by the Code of Civil Procedure. As pointed out in Bossout v. Rome, W. & O. R. R. Co., ut supra, such a motion is addressed to the discretion of the court, and is to be determined according to the ends of justice, and it will not be granted as a new trial would be for the mere admission of improper evidence, nor merely because competent evidence was excluded. It must appear that the admission or exclusion of such evidence defeated the ends of justice. Ward v. Haight, 3 Johns. Cas. 80; Sharp v. Dusenbury, 2 Johns. Cas. 117.

[4] The exercise of discretion by the court in granting or denying the motion to set aside the inquisition is reviewable in this court, although not reviewable in the Court of Appeals. Bossout v. Rome, W. & O. R. Co., ut supra; Bassett v. French, 155 N. Y. 46, 49 N. E. 325; Lewin v. Lehigh Valley R. R. Co., 169 N. Y. 336, 62 N. E. 385.

[5] With the record of the inquisition before us, we are unable to find that any improper evidence was admitted on the question of damages. It is claimed, however, that competent and proper evidence offered by the defendant was excluded. Several instances of such exclusion are cited, but only one of them is serious enough for present consideration. The defendant called one Dr. Fitch, who had attended the decedent some five or six years before the accident. He was questioned by the defendant's counsel as follows: "You have testified that in 1902 or 1903 you treated Mr. Trieber. Will you state what you treated him for at that time?" The witness refused to answer, claiming that it would be improper to disclose information acquired by him in his professional capacity. The court declined to compel the witness to answer unless there was an express waiver by the plaintiff. While no formal objection was made by the plaintiff, there was at the same time no express waiver made, and the question remained unanswered. It is true that the privilege claimed by the physician did not belong to him, but to the patient, and could have been waived by the personal representative, the plaintiff. Code of Civil Procedure, §§ 834, 836. At the same time, though technically the physician was claiming a right which he did not possess, yet a refusal by the court to compel him to answer would not, even on a trial where there had been an express waiver, be a reversible error,

unless it appeared that the evidence sought was material to the question to be determined. Zimmer v. Third Avenue R. R. Co. No. 1, 36 App. Div. 265, 272, 55 N. Y. Supp. 308.

[6] Here the question related to a condition existing some five or six years before the accident. The question was not specific enough to appear material on its face. If it was sought to show that the decedent was then permanently impaired in health, the question should have so indicated. As the question was put, the answer might disclose something of no importance whatever to the question of damages. To say that the failure of the court to compel the witness to answer this question was against the ends of justice on this inquisition of damages would require some speculation as to what the answer would have been, and we are not at liberty to resort to speculation in order to reverse the decision of the court which presided over the inquisition.

[7] Moreover, there was here no express waiver. Some colloquy took place between the respective counsel, but it is clear that the plaintiff and her counsel did not intend to waive the provision of section 834 of the Code of Civil Procedure.

The order must be affirmed, with costs. All concur, except JENKS, P. J., who reads for reversal.

JENKS, P. J. I dissent. I think that the learned court fell into reversible error when it dealt with the attempt of the defendant to elicit the testimony of the physician, as detailed in the opinion of my Brother CARR. The privilege asserted by the physician was that of his patient (Johnson v. Johnson, 14 Wend. 637; Zimmer v. Third Ave. R. R. Co. No. 1, 36 App. Div. 272, 55 N. Y. Supp. 308), and in this case of the representatives of the patient. I think, therefore, that the assertion of privilege should have been made at least ultimately by them (Wigmore on Evidence, § 2386), and that they should not have been permitted practically to stand at gaze by assertion that they had no privilege. The witness did not refuse to answer as to any specific ailment, but refused to name the ailment that required his professional services, and thereby indicated that his refusal was absolute and general, resting upon the professional privilege itself. I think that, in view of this attitude, the defendant was not required to go forward to question the witness as to the specific ailment which the defendant had in mind. There is no indication that the disposition of the court of the inquiry could do no harm to the defendant, as was the case in Roche v. Nason, 185 N. Y. 138, 77 N. E. 1007, and in Zimmer v. Third Avenue R. R. Co. No. 1, supra. Yet, before we can disregard the rejection of competent evidence, it should appear that such rejection could not have legitimately affected the result. Baylies on New Trials and Appeals, pp. 341, 342. Even if the learned court had pressed the plaintiff to an assertion of the privilege, which had been sustained, it would not have been harmful, for no inference as to the facts thereby excluded could have been legitimately drawn. Wigmore, supra, and cases cited.