CORA M. WALDRON, as Administratrix of the Estate of MARTIN J. MINKLER, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29078.)

Court of Claims, October 14, 1948.

J. *Raymond Amyot* for claimant.

*Nathaniel L. Goldstein*, *Attorney-General* (*Arthur W. Mattson* and *David Marcus* of counsel), for defendant.

GREENBERG, J. This is a motion to examine the State before trial, in a claim to recover damages for the wrongful death of claimant's intestate while a prisoner at the State prison in Dannemora. It is averred that the State was negligent in permitting the extraction of the inmate's tooth by another prisoner, who was not a qualified dentist, and was likewise at fault in the postoperative treatment resulting in an infection which eventually led to his death.

The State resists the application insofar as an examination is sought of the State's physicians and dentists and the intestate's medical records on the ground that confidential communications would be disclosed in violation of the privilege statute.

Section 352 of the Civil Practice Act, prohibiting certain disclosures by physicians, dentists and nurses, was designed to protect the patient. (*Steinberg* v. *New York Life Ins. Co.*, 263 N. Y. 45.) To permit this protective statute to be turned into a sword to cut away the rights of an injured or his estate, rather than as a shield, would be a distortion of legislative intent, for " the object of the statute  *  *  *  was to prevent the disclosure of a patient's secrets against his will, not to interpose an obstacle to the administration of justice ". (*Clifford* v. *Denver & Rio Grande R. R. Co.*, 188 N. Y. 349, 359.) The enactment of section 354 of the Civil Practice Act was to permit a waiver of this privilege in certain cases, and more particularly by the legal representatives of a deceased patient as follows: " But a physician or surgeon or a professional or registered nurse, upon a trial or examination, may disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attending such patient professionally, except confidential communications and such facts as would tend to disgrace the memory of the patient, when the provisions of section three hundred and fifty-two have been expressly waived on such trial or examination by the personal representatives of the deceased patient  *  *  *."

In construing the power of an administrator to waive, Justice VAN VOORHIS held in *Murray* v. *Physical Culture Hotel, Inc.* (16 N. Y. S. 2d 978, 981–982, affd. on opinion below 258 App. Div. 334, 338–339): " In this instance the waiver which the plaintiff attempts to elicit is not to be made by the patient but by his administrator as a witness. The power of an administrator to waive is prescribed by section 354 and is not so broad as that of the patient would have been if living, inasmuch as the administrator is precluded in any event from

permitting the disclosure of confidential communications or of such facts as would tend to disgrace the memory of the decedent. The testimony which the plaintiff is attempting to bring out that Mr. Thomas suffered from tuberculosis for some time before he died is not a confidential communication and has no tendency to disgrace his memory. It is, therefore, within the power of his administrator under section 354 to grant the waiver. There is no doubt that Mr. Thomas would have been competent to waive it himself, if living, and the circumstances of the case bring it within the statute in so far as it confers an identical power upon his administrator. The powers of a personal representative to act with relation to his decedent, it is true, are confined to such matters as concern the interest of the decedent. Nevertheless, where the executor or administrator is made by statute, as here, the guardian not only of the property but also to some extent of the memory of the decedent, courts should be slow to hold on their own initiative that no interest of the decedent can be involved. The court is not informed whether the administrator of Mr. Thomas may consider that some advantage would inure to his estate as a result of disclosures which may be made upon the trial. Even though nothing of the kind be in contemplation, the administrator may think that it is in the interest of his decedent that the true facts concerning his health and death shall be made public if there is going to be a trial, rather than to have the disease which afflicted him left in doubt and ambiguity with possible inferences drawn which might reflect upon his reputation. It is not necessary for the plaintiff to establish that any of these considerations actuate the administrator in waiving the privilege, if he shall do so in answer to the questions asked of him under the commission which issues herein. Unless it shall appear that under no conceivable eventuality could a waiver of the privilege by the administrator benefit the decedent, it should not be held that the personal representative is not acting within his authority. The presumption is otherwise, and, were the rule different, it would amount to introducing restrictions upon the exercise of the power which the statute has not imposed and might result in injustice to the memory and estates of deceased persons. Whether the occasion is suitable can safely be left to the discretion of the executor or administrator unless it appear that his trust clearly has been abused.''

The testimony sought to be adduced herein pertains to a mouth infection or condition following the extraction of a tooth; noth-

ing of a confidential nature and nothing that would be disgraceful. The State's interest in now claiming the privilege is not to protect the memory or confidences of the deceased patient, but solely to erect a barrier in the path of his estate to recover damages for the State's negligence. The State cannot claim the privilege in behalf of its physicians and dentists in view of the waiver by the claimant, for the privilege is that of patient and not that of the physician. (*Zimmer* v. *Third Avenue R. R. Co.*, 36 App. Div. 265; *Trieber* v. *New York & Queens Co. Ry. Co.*, 149 App. Div. 804.)

The application for an examination before trial is granted as to the matters set forth in the items enumerated in the notice of motion, and the production of the records is directed for the purposes set forth in section 296 of the Civil Practice Act.

The application to examine the prisoner, Louis King, who extracted the intestate's tooth and is still an inmate in the State's prison, is likewise directed, pursuant to subdivision 2 of section 17 of the Court of Claims Act.

Settle order on notice.