ANDREW J. HOLCOMB, Respondent, *v.* CHARLES W. HARRIS, as
Executor of EDMUND S. HARRIS, Deceased, Appellant.

1. HUSBAND AND WIFE — EARNINGS OF WIFE — RIGHT OF HUSBAND
TO SUE.   It seems, that the common-law right of a husband to the earn-
ings and services of his wife, when not received or rendered expressly
upon her sole and separate account, is not affected by chapter 381 of the
Laws of 1884, in relation to the rights and liabilities of married women,
and where the services are rendered by her while living with her husband,
under a contract made by him, an action to recover therefor is properly
brought in his name.

33

2. TESTIMONY OF PHYSICIAN — CODE CIV. PRO. § 834 — WAIVER. The legal representative of a deceased person who, upon the trial of an action against the estate, calls the decedent's former physician to the stand and asks him to disclose professional information falling within section 834 of the Code of Civil Procedure, expressly waives the provisions of that section as permitted by section 836, and need not specifically state his intention to make such waiver, and where the testimony sought to be elicited is material its rejection constitutes reversible error.

*Holcomb* v. *Harris*, 42 App. Div. 363, reversed.

(Argued January 22, 1901; decided March 12, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 17, 1899, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*G. B. Wellington* and *J. E. Hoag* for appellant. The statutes enlarging the property rights of married women in force at the time the contract in question was made enabled the plaintiff's wife to contract for her own benefit, and the contract set forth in the complaint and proved on the trial, in whole or in part, belonged to the plaintiff's wife and not to the plaintiff. (L. 1860, ch. 90, § 2; L. 1884, ch. 381, § 1.) The burden was on the plaintiff to show title in the plaintiff of the cause of action alleged and proved. (*Smith* v. *Hall*, 67 N. Y. 48; *Stamp* v. *Franklin*, 144 N. Y. 612; *F. Nat. Bank* v. *Mahon*, 38 App. Div. 198.) The trial court erred in ruling out the testimony of Dr. Teller as to the physical condition of the testator at the time of the rendition of the alleged services. (Code Civ. Pro. § 836; *Westover* v. *Ætna Life Ins. Co.*, 99 N. Y. 56; *Lawson* v. *Morning Journal Assn.*, 32 App. Div. 75; *Morris* v. *N. Y., O. & W. Ry. Co.*, 148 N. Y. 88.)

*James Lansing* for respondent. The plaintiff as husband was entitled to recover for the services of his wife under the agreement. (*Birkbeck* v. *Ackroyd*, 74 N. Y. 357; 11 Hun, 365; *Beau* v. *Kiah*, 4 Hun, 171; *Porter* v. *Dunn*, 131 N.

Y. 317; *Blaechinska* v. *H. M. & H.,* 130 N. Y. 497; *Brooks* v. *Schwerin,* 54 N. Y. 348; *Stokes* v. *Pease,* 79 Hun, 304; *Savage* v. *C. E. F. & I. N. Ins. Co.,* 4 Bosw. 1; 36 N. Y. 655; *Smith* v. *Hall,* 67 N. Y. 48; *Stamp* v. *Franklin,* 144 N. Y. 607; *Fourth Nat. Bank* v. *Mahon,* 38 App. Div. 198.) The contract, as alleged and proven, was valid, and the breach of the agreement was also proven beyond question. (*Robinson* v. *Raynor,* 28 N. Y. 494; *Stokes* v. *Pease,* 79 Hun, 304; *Linton* v. *U. F. Co.,* 124 N. Y. 533; *Sawyer* v. *Gates,* 14 N. Y. S. R. 236; *Young* v. *Hunter,* 6 N. Y. 203; *Fleming* v. *Gilbert,* 3 Johns. 531; *Dresser* v. *Dresser,* 35 Barb. 573; *McKinney* v. *McCloskey,* 8 Daly, 368; 76 N. Y. 594.) There were no errors arising in the course of the trial that require the reversal of the judgment. (*Westover* v. *Ætna L. Ins. Co.,* 99 N. Y. 56; *Davis* v. *Supreme Lodge K. of H.,* 35 App. Div. 354; *Alberti* v. *N. Y., L. E. & W. R. R. Co.,* 118 N. Y. 78.)

BARTLETT, J. This action was brought to recover for services rendered by the plaintiff's wife and daughter to the testator and for damages arising from the breach of the contract of employment. The jury rendered a verdict for $2,000.00 in favor of plaintiff and the Appellate Division, with a divided court, affirmed the judgment entered thereon.

The testator, a resident of Troy, died in April, 1897; his only relative was Charles W. Harris, a nephew, the executor of his will and the defendant in this action.

The families of plaintiff and the testator were intimate and exchanged visits.

The plaintiff, in 1887, resided in one of the towns of Rensselaer county and was a wagonmaker and carpenter by trade.

The testator and his wife called on the plaintiff and his family in the summer of 1887, and during the visit Mrs. Harris asked the plaintiff and his wife if she died first would they come to Troy and take care of her husband, and they promised to do so. The testator then stated that they had everything fixed and that plaintiff and wife would never want for any-

thing while they lived and would be well recompensed in the end. On the 4th of December, 1888, Mrs. Holcomb received a telegram that testator's wife was very ill, and she went to her at once. Mrs. Harris died later that day.

After the funeral the testator asked the plaintiff and his wife if they were going to keep their agreement, and on receiving an affirmative reply said that he desired them to sell everything that they had as he possessed enough of everything and that it all belonged to the plaintiff and his wife; he requested them to come to him at once, bringing their young daughter. This arrangement was carried out for four years and a half, when the testator, while expressing no dissatisfaction with the plaintiff and family, stated that he had made up his mind to let them go, as his nephew, Charles W. Harris, the defendant, was poor, and he could help him better by giving him and his wife a home than in any other way. This was in May, 1893.

It was upon the unwritten contract, growing out of these facts, that this action was brought.

The facts were properly submitted to the jury, and attention is called to them only for the purpose of understanding the situation out of which the questions of law arise.

The counsel for the defendant and appellant raises the preliminary point that the cause of action, if any exists, is vested in the plaintiff's wife. Our attention is called to the fact that this defense is not pleaded, and, therefore, cannot be raised on this appeal.

Assuming that the question is here, we are of opinion that the plaintiff was entitled to recover for the services of his wife under the facts the jury were justified in finding.

The counsel for the appellant contends that the rights of married women have been so enlarged by the act of 1884 (Chap. 381) that in the case at bar it is quite immaterial that the contract with testator for the services of plaintiff's wife was made by the plaintiff, and that "the earnings therefrom, by force of the statute, belong to her even though it did not appear that she ever made any election to labor with reference to her separate estate."

The act of 1884 is entitled " An act in relation to the rights and liabilities of married women." Section one reads as follows : " A married woman may contract to the same extent, with like effect and in the same form as if unmarried, and she and her separate estate shall be liable thereon, whether such contract relates to her separate business or estate or otherwise, and in no case shall a charge upon her separate estate be necessary."

The act of 1860 (Chap. 90) conferred upon a married woman the right to create a separate estate by carrying on any trade or business and performing any labor or services on her sole and separate account. In construing this act the courts held that the contracts of a married woman to be valid must relate to or be for the benefit of her separate estate or the payment thereof must be expressly charged upon the same.

The act of 1884 allows a married woman to contract as if unmarried, and makes her and her estate liable thereon, whether it relates to her separate business or estate or not, and a charge upon her separate estate is not necessary.

There is no provision in the act of 1884 affecting the common-law right of a husband to the earnings and services of his wife when not received or rendered expressly upon her sole and separate account.

The jury were justified in finding that the wife of the plaintiff rendered these services while living with her husband and under a contract made by the latter with the testator. It follows that this action was properly brought in the name of the present plaintiff.

The appellant's counsel raises the additional and far more serious point that the trial judge erred in refusing to admit certain evidence when testator's former physician was on the stand as a witness for defendant.

The plaintiff alleged in his complaint that his wife performed for testator the usual duties of a housekeeper without the aid of a domestic, other than the services of her daughter; he further stated that the testator was an aged man and had a troublesome skin disease covering the upper portion of his

body which required dressing and attendance every day for a year and a half.

The plaintiff in proving his case showed in detail the services rendered by his wife in this matter of nursing and caring for testator and established the value thereof by expert and other witnesses.

In order to meet this situation the defendant called testator's physician who testified that he knew the testator during the time the Holcombs lived in his house. The witness was then asked to state testator's physical condition at that time. This was objected to on the ground "that it is incompetent, improper and inadmissible, and whatever information he got he must have got professionally, and it is inadmissible under section 834 of the Code."

At this point, on suggestion of the court, the witness was cross-examined as to his professional relations with the testator, and finally stated, in substance, that the information he received prior to the first of May, 1893, was in a professional capacity, and necessary for him to act in that capacity. The objection to the question was thereupon sustained and the defendant excepted.

The defendant now insists that the facts sought to be elicited from this witness had a direct bearing upon a most material issue in the case, and that section 834 of the Code of Civil Procedure, which forbids a physician to disclose necessary information acquired in attending a patient professionally, did not apply, as the legal representatives of the deceased, by calling the physician of the testator as a witness and asking the question calling for a disclosure of professional information, thereby expressly waived the provisions of that section, as they were allowed to do by section 836 of the Code.

The plaintiff's counsel replies that this was not the express waiver called for by section 836, especially in view of the fact that defendant's counsel was silent at the trial and did not raise the point now made.

The prevailing opinion of the learned Appellate Division adopts this view, and holds that when the objection was taken

under section 834 it was the duty of the defendant, if he desired or intended to exercise his right under section 836, to so indicate, otherwise the opposite party, as well as the court, would be misled.

We are unable to adopt this view of the situation. It is difficult to imagine a clearer act of waiver than for the legal representatives of a deceased patient to call his former physician to the stand and ask him to disclose professional information falling within the provisions of section 834 of the Code. It is apparent that neither court nor counsel was misled in this situation.

The rejected evidence was material, and, while regretting the necessity for a new trial, we are compelled to hold that this ruling of the trial judge presents reversible error.

The judgments of the Trial Term and the Appellate Division should be reversed and a new trial ordered, with costs to abide the event.

PARKER, Ch. J., GRAY, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Judgments reversed, etc.