### PRINGLE v. BURROUGHS et al.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

WILLS—WITNESSES—COMMUNICATIONS WITH PHYSICIAN—WAIVER OF PRIVILEGE BY HEIRS OF DECEASED PATIENT.

Under Code Civ. Proc. § 836, providing that a physician may testify to the facts which come to his knowledge while attending a patient professionally, if the validity of the last will of such deceased patient is in question, and the provisions of section 834 prohibiting a physician from disclosing information acquired in attending a patient professionally are expressly waived by the personal representatives of the deceased, or where the validity of a will is in question by the heirs at law or any party in interest, the heirs of a deceased patient, in a proceeding to set aside the probate of the will of such deceased, have the right to examine a physician as to facts obtained while attending the deceased professionally; the calling of the physician as a witness by the heirs being a waiver sufficient to authorize the admission of the testimony.

Appeal from trial term, New York county.

Action by Eliza Pringle against Fannie L. Burroughs and others. From a judgment adverse to plaintiff, and from an order denying a motion for a new trial, plaintiff and certain defendants appeal. Reversed.

The action was brought to determine the validity of the probate of the will of Joseph H. Bryan, who died September 20, 1899. The will was executed September 6, 1899, and was admitted to probate on November 6, 1899. By it the testator, after directing the payment of his debts, and giving to

his aunt, the plaintiff herein, an annuity of $200 for life, devised all the rest of his estate to Fannie Louise Temple (the defendant Fannie Louise Burroughs), his cousin, "to have and to hold absolutely," expressing the wish that she attend to the wants of his two sisters. He also made her executrix of his will, and as such authorized her to sell and convey his real estate as she deemed advisable. The complaint alleges that the deceased left, him surviving, a widow and two unmarried sisters, both of whom are of unsound mind, no children or issue of deceased child. no father or mother, and no children of deceased brother or sister; that he owned certain real estate at the time of his death, and, by a will executed prior to the one in question, had given to this plaintiff the sum of $5,000, and such will is the true and valid will of the deceased; that the will admitted to probate was not his will, and its execution "was not the free and unconstrained or voluntary act of said deceased"; and that at the time it was or purports to have been executed he was not "of sound mind, memory, or understanding, or capable of making a will." The defendants, who included all those interested in the will, in addition to the defendant Borroughs, took sides with the plaintiff in their answers. It appears from the evidence that the plaintiff, who lived at the home of the deceased, at the time of the trial, was 77 years old; that the deceased when he died was 52 years of age, and had been in ill health for about 2 years; that the defendant Fannie Burroughs was a cousin or second cousin of the deceased, but not of the Bryan blood, and that she used to come to the house regularly and take his mother (sister of the plaintiff) to church, and, after her death, "came into the house, and stayed there all the time, and began to nurse Mr. Bryan," who was then much worse, and looked after the house and gave orders to the maids up to the time of his death, some months later; that during this time a new will (the one in dispute) was made, two lawyers coming to the house for that purpose,—one being the lawyer who had previously acted for the deceased. Upon the evidence adduced, the court directed the jury to find a verdict sustaining the probate of the will; and from the judgment so entered, the plaintiff and the defendants other than Fannie L. Burroughs appeal.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Lewis E. Carr, for appellants.
W. W. Buckley, for respondents.

O'BRIEN, J. Were it not for a ruling upon evidence, we should have no hesitation in affirming this judgment; for the inferences most favorable to plaintiff were insufficient to warrant any finding by the jury that the will of Joseph H. Bryan was not valid, or that its execution was not his "free, unconstrained, and voluntary act." The ruling, however, to which we will briefly refer, requires that the judgment be reversed. One of the physicians who had attended the deceased before he died was called as a witness by plaintiff, and after testifying that he had first visited Mr. Bryan during September, 1899,—the month of his death,—and had obtained information while so acting professionally for him, was asked to state his condition at that time. Objection was interposed, which the trial judge sustained, and the physician was prevented from giving such testimony. It is to be noted, in passing, that all the defendants other than the chief beneficiary, Fannie Louise Burroughs (née Temple), had joined with the plaintiff in asking that the will should be declared invalid; and, together, they represented the heirs at law and next of kin of Joseph H. Bryan. The exclusion of the testimony sought to be elicited was because of the prohibition contained in section 834 of

the Code of Civil Procedure; and such ruling, if made prior to the amendment of 1893 embodied in section 836 of the Code, would have been right. Renihan v. Dennin, 103 N. Y. 573, 9 N. E. 320, 57 Am. Rep. 770; In re Coleman's Will, 111 N. Y. 220, 19 N. E. 71. By that amendment, however, it is provided:

"But a physician or surgeon may, upon a trial or examination, disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attending such patient professionally, except confidential communications and such facts as would tend to disgrace the memory of the patient, when the provisions of section 834 have been expressly waived on such trial or examination by the personal representatives of the deceased patient, or if the validity of the last will and testament of such deceased patient is in question, by the executor or executors named in said will, or the surviving husband, widow, or any heir at law or any of the next of kin, of such deceased, or any other party in interest."

As held in Re Murphy's Will, 85 Hun, 575, 33 N. Y. Supp. 198:

"The purpose of the amendment evidently was to open more widely the door to the introduction of the evidence of medical attendants of a deceased patient when the validity of his will should be in question. The right of waiver was therefore extended to others having the relations mentioned to the deceased, and to those having the legal relation of parties in interest, and who are properly in the action or proceeding in which the question arises before the court."

It is insisted by the respondent that here there was no "express waiver," and that the mere calling of the physician, as such, was insufficient to constitute a waiver. This precise question, however, has been determined adversely to the respondent in Holcomb v. Harris, 166 N. Y. 263, 59 N. E. 820, where the court said:

"It is difficult to imagine a clearer act of waiver than for the legal representatives of a deceased patient to call his former physician to the stand and ask him to disclose professional information falling within the provisions of section 834 of the Code. * * * The rejected evidence was material, and, while regretting the necessity for a new trial, we are compelled to hold that this ruling of the trial judge presents reversible error."

We can add nothing to this authority, which is controlling upon us, and requires that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.