(120 App. Div. 230)

LIPPE v. BRANDNER et al.

(Supreme Court, Appellate Division, First Department. June 28, 1907.)

1. TRIAL—OBJECTIONS TO EVIDENCE—RULINGS—EXCEPTIONS—CONSTRUCTION.
   Code Civ. Proc. § 834, provides that a physician shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, etc. Section 836 provides that a physician may, upon a trial, disclose any information as to the mental or physical condition of a patient who is deceased which he acquired in attending him professionally, except confidential communications, and such facts as would tend to disgrace the memory of the patient, where the provisions of section 834 have been expressly waived by the executor, surviving spouse, or any heir at law, next of kin, or party in interest, if the validity of a will of a deceased patient is in question. In an action to test the validity of a will, testator's physician testified in detail for plaintiff to just what took place and how testator appeared at a certain time, and defendant's attorney then cross-examined him as to matters drawn out on the direct examination. Plaintiff's counsel then asked as to times when the testator came to witness' office, the condition of mind he found the testator in, and what the mental disease was, if any, that he found him suffering from at a certain time. The question was objected to on the ground that it called for a privileged communication, under section 834. Plaintiff's counsel claimed that the privilege was waived as to his client. Defendant's coun-

sel and the court referred to the exceptions to the right to testify relating to confidential communications, etc., and also to the theory that all would have to join in the waiver. The court stated that it did not think any one could waive for all and sustained the objection, to which plaintiff excepted. Other physicians were afterward allowed to testify for both sides to the mental condition of the testator without objection on the ground of privilege. *Held*, that the ruling excepted to related solely to confidential communications and did not hold that plaintiff could not prove by the physician any information as to testator's mental or physical condition unless all the parties waived the privilege.

**2. APPEAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE.**

Error in the exclusion of evidence is not cause for reversal where it did not substantially harm the party complaining.

Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Theresa Lippe against Benjamin L. Brandner and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Stillman F. Kneeland, for appellant.

George Hahn, for respondent Benjamin L. Brandner.

C. Bertram Plante, for respondents Mary Ann Radley and Juliette Messemer.

McLAUGHLIN, J. This action was brought under section 2653a of the Code of Civil Procedure to test the validity of a will made on the 11th of September, 1902, by John B. Radley, who died on the 15th of July, 1904. The testator left him surviving a widow and two daughters, one of whom is the plaintiff, who has several children. By the terms of his will he left all of his property in trust for the life of his widow, and directed that the income therefrom be paid to her during her life, and, upon her decease, the entire estate be divided into two equal parts, one of which he gave absolutely to one daughter and the other he left in trust for the plaintiff, with remainder to her children. The defendants had a verdict establishing the validity of the will and from the judgment thereon plaintiff appeals, relying solely upon one exception.

During the course of the trial the plaintiff called as a witness Dr. Sheffield, a practising physician, who had treated the testator in a professional way. After he had stated what the testator complained of on an occasion referred to, and what he found from an examination, he was asked:

"Q. During that interview how many times did he ask you what he should do with the powders?"

Objection was made to the question, on the ground that it called for a privileged communication, and was not competent under section 834 of the Code of Civil Procedure, to which the court responded that there were some exceptions "under the rule, but whether this is one or not I do not know." Thereupon plaintiff's counsel said he would withdraw the question, and would not take an exception, and immediately thereafter asked the following question:

"Q. The privilege has been asserted regarding your testimony as to anything you learned while you were treating this Mr. Radley, and I do not want to ask you about anything as to that, but I want to ask you in what condition you found him one day when you came in from the street?"

The witness answered, stating in detail just what took place and how the testator appeared, and then the defendants' attorney cross-examined him as to the matters which had been drawn out by the direct examination. When he had finished, plaintiff's counsel claimed that the privilege had been "inadvertently" waived by the cross-examination, and he thereupon propounded this question:

"Q. Referring, now, please, to the times when he came to your office and was consulting you professionally, will you state to the jury the condition of mind that you found him in, and what the mental disease was, if any, you found him suffering from at that time in August, 1902?"

This was objected to on the ground that it called for a privileged communication, under the section of the Code above referred to. The objection was sustained, and an exception taken; plaintiff's counsel claiming that the privilege was waived so far as his client was concerned. A discussion thereupon took place between the court and both counsel as to whether the waiver by one of the parties to the action were sufficient, or whether all must join in to enable a physician to testify; the court finally calling attention of defendants' counsel to the provision of the Code which permits, in an action of this character, a physician or surgeon to disclose information as to the mental or physical condition of a patient who is deceased which he acquired in attending such patient professionally, except confidential communications. Defendants' counsel responded:

"That is correct, sir."

The court then added:

"And such facts as would tend to disgrace the memory of the patient."

Defendants' counsel replied:

"I said subject to the qualifications; such as call for confidential communications and such as tended to disgrace the memory of the deceased. There is no question but what that is the rule. I have some medical testimony myself, and I don't wish to waive our rights by objecting to the disclosures by their witnesses, and then be confronted by such an objection when we come to put on our medical witnesses. Therefore I present it to your honor. It seems to me, though, that, so far as it involves the disclosure of confidential communications, neither side is at liberty to waive the provisions of the Code alone."

The court answered:

"No; I think they would all have to join. I suppose that if the widow and the heirs at law would join that that would be sufficient; but I do not think any individual heir or next of kin could waive it for all. I sustain the objection. I understand there are attorneys here for other heirs at law in this matter and, unless they waive it, I will sustain the objection."

Thereupon plaintiff's counsel excepted and this is the exception relied upon.

I am unable to see any merit in the exception. It seems to me it related solely to confidential communications and to such facts as would tend to disgrace the memory of the patient, and, if I am correct in this, then the ruling is not erroneous. That this was the understanding of counsel for both parties and the court seems to me to necessarily follow from the discussion, and especially from what took place immediately following the ruling, when plaintiff's counsel called two phy-

sicians who had treated the testator in a professional way. Dr. Dold was asked:

"Q. Won't you state, please, the mental condition of Mr. Radley at the time when he was committed to your care in August, 1903?"

Defendants' counsel objected to this on the sole ground that "it was too remote; the date fixed being in August, 1903, and the will having been made on the 11th of September, 1902." The objection was overruled, and the witness permitted to state in detail just what he observed with reference to the testator, and that he was then suffering from senile dementia, and his disease had progressed to a marked degree. Dr. Pomeroy was also permitted to tell in detail the mental condition of the testator at the time he treated him, and that he diagnosed the case as one of senile dementia. The testimony of these two physicians, and the facts which the plaintiff was permitted to prove by them, clearly indicate that the trial court in making the ruling of which complaint is made did not hold, as contended by the appellant, that the plaintiff could not prove by an attending physician any information as to the mental or physical condition of the testator, unless all of the parties to the action waived the privilege. The ruling, as already intimated, was limited in that respect to confidential communications and such facts as would tend to disgrace the memory of the patient, and therefore was not erroneous. Section 836, Code Civ. Proc.

Not only this, but the defendants produced two physicians who had treated the decedent in a professional way, and they were permitted, without objection, to fully state his physical and mental condition. It is incredible that plaintiff's counsel, if he understood the ruling as now contended by the appellant, would not have interposed some objection or at least have called the court's attention to the fact that the plaintiff had not been permitted to offer similar proof. But if, in any view, it could be said that the ruling were erroneous (Pringle v. Burroughs, 70 App. Div. 12, 74 N. Y. Supp. 1055), nevertheless it does not constitute reversible error, because it is obvious that the ruling could not have substantially harmed the plaintiff. Poche v. Nason, 185 N. Y. 128, 77 N. E. 1007.

The judgment appealed from, therefore, should be affirmed with costs.

PATTERSON, P. J., HOUGHTON and LAMBERT, JJ., concur.

LAUGHLIN, J.  I dissent upon the ground that the court erred in sustaining the objection to the question propounded to Dr. Sheffield, and that appellant's exceptions thereto were neither withdrawn nor waived.