> After filing objections to the probate of the script purporting to be the last will of his wife, the objecting husband died, and the executor of the deceased husband, who was made a party, offered to prove by the physician who attended the testatrix immediately prior to her death that at the time she executed her will she lacked testamentary capacity. Code Civ. Proc. § 836, relating to waiver of the privilege of a physician by enumerated persons, declares that any other party in interest may waive such privilege. *Held*, that the executor of the deceased husband was a party in interest, entitled to waive such privilege, for the probating of the will would affect the husband's estate, and so the testimony of the physician was competent.

> [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 769, 781, 782; Dec. Dig. ☞219.]

In the Matter of the Estate of Mary Mele, deceased. On objections to the probate of the script purporting to be her last will. Matter set down for hearing.

Mortimer Boyle, of New York City (Richard F. Weeks, of New York City, of counsel), for proponent.

Manton Marks, of New York City, for objectant.

FOWLER, S. The husband of the testatrix filed objections to the probate of the script purporting to be her last will. Before the matter came on for hearing the husband died, and the executor of his estate was made a party to the proceeding. Upon the hearing before me the executor of the husband's estate offered to prove, by the testimony of the physician who attended the testatrix immediately prior to her death, that at the time she executed the alleged will she lacked testamentary capacity. The executor offered, in accordance with the provisions of section 836 of the Code, to waive the privilege of the

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

physician; but, as I had considerable doubt as to the power of the executor of the deceased husband of the testatrix to make such waiver, I refused to permit the physician to testify at that time, reserving, however, for further consideration the question of the power of the executor to waive the privilege of the physician.

The successive enactments in relation to waiving the privilege granted to a physician by section 834 of the Code show a tendency on the part of the Legislature to extend this power. The present statute specifically enumerates the parties who may waive the privilege, and immediately after the specific enumeration there is added the phrase: "Or any other party in interest." This phrase does not seem to have been construed by the courts of this state. In Matter of Hopkins, 73 App. Div. 559, 77 N. Y. Supp. 178, it was held that the privilege may be waived either by the widow, by an heir at law or by the executors; and in the Matter of Murphy, 85 Hun, 575, 33 N. Y. Supp. 198, it was held that the privilege may be waived by the heirs at law or by the next of kin. In the latter case it was also stated that:

"The right of waiver was * * * extended to * * * those having the legal relation of parties in interest, and who are properly in the action or proceeding in which the question arises before the court."

This statement was not necessary to the decision in the case, but it would seem to indicate that the court would construe the phrase, "any other party in interest," to mean any party who has sufficient interest in the matter to be made a party to the proceeding. The surviving husband of the testatrix would unquestionably have the right to waive the privilege, if he were living at the time the testimony of the physician was offered. Upon his death the executor of his estate was made a party to this proceeding to probate the alleged last will of the testatrix, and such executor, as the legal representative of the estate of the deceased husband of the testatrix, has an interest in the probate proceeding. If the script should be refused probate, the estate of which he is the legal representative would be materially benefited. As executor of the husband's estate it is his duty to collect the assets of the estate, to enforce all claims or demands existing in favor of the decedent at the time of his death, and to prosecute any action or proceeding to which his decedent was a party. As the law imposes upon him the duty of being a party to the contested probate proceeding, and continuing that proceeding to its termination, he is necessarily an interested party. He is also an interested party, because the estate which he represents will be substantially affected by the result of the proceeding.

It is true that his interest is not individual or personal, but as the representative of his decedent's estate. Nevertheless, it is an interest in the proceeding, and I am inclined to think that it is sufficient to make the executor a "party in interest," within the signification of that phrase in section 836 of the Code. It seems to me, therefore, that the waiver of the executor of testatrix's husband is sufficient to warrant the reception of the testimony of the physician who attended the testatrix immediately before her death. I will set the matter down for hearing before me on the 3d day of April, 1916, for the purpose

of affording the physician an opportunity of testifying on behalf of the contestants. The attorney for the contestants will serve a notice of hearing on all the parties who appeared in the probate proceeding, and file proof of service with my secretary on or before April 1, 1916.