In the Matter of the Probate of the Will of Louis H. Faiher, Deceased.

Nora Snow, Appellant; Frank T. McDonald, as Executor, etc., of Louis H. Faiher, Deceased, and Others, Respondents.

Third Department, November 14, 1933.

*Wickes & Wickes* [*Frank B. Wickes* with them on the brief], for the appellant.

*Lockwood & Whiteley* [*John W. Whiteley, Jr.*, with them on the brief], for the respondents.

*James C. McMahon* for Richard F. Hayes, as special guardian for unknown parties.

McNamee, J.   This was a proceeding for the probate of the will of Louis H. Faiher made in March, 1931, which gave all of his property to the respondents Nora L. Smith and George McDonald. The decedent made a prior will in the fall of 1929, in which he gave all his property to Nora Snow.   None of these beneficiaries was a relative of the decedent.   Nora Snow filed objections to the probate, on the grounds of undue influence and the testamentary incapacity of the testator.   These objections were over-

ruled, and the will was admitted by the decree of the surrogate of the county of Essex.

We have examined the proof touching the testamentary incapacity of the testator, as well as the proof relative to undue influence, and believe the evidence sufficient to support the decree on both grounds.

On the trial before the surrogate the family physician of the testator was called by the contestant Nora Snow for the purpose of proving the mental and physical condition of the testator. The contestant waived, on the record, the question of confidential communications, under section 352 of the Civil Practice Act; and thereupon the surrogate reserved decision, and, subject to a motion to strike out, received the testimony of the physician disclosing information acquired by him in his professional capacity, and which was necessary to enable him to treat the patient. In his decision filed later the surrogate granted the motion, and struck out the testimony of the physician. Nora Snow, although not a relative of the decedent, nor a beneficiary under the will in question, but the sole beneficiary under the former will, was regarded as a proper party to interpose objections to the probate of the will propounded. In other words, her right to be a party to this proceeding, and to file objections, was not disputed. But the question presented is whether she was such a " party in interest," within the meaning of section 354 of the Civil Practice Act, as could waive the privilege under the provisions of section 352 of that act.

There appears to be no case precisely in point; but it has been held by the Surrogate's Court of New York county that the executor of a husband, who died pending the probate of his wife's will, could waive the provisions of the statute, and thus permit the wife's physician to testify as to her mental condition at the time of making her will, under sections 834 and 836 of the Code of Civil Procedure, now sections 352 and 354 of the Civil Practice Act (*Matter of Mele*, 94 Misc. 555). It is true that in that case the surrogate intimated in his opinion that the words, " any other party in interest," might be broad enough to comprehend any person who had " sufficient interest in the matter to be made a party to the proceeding." A similar suggestion is found in the opinion in *Matter of Murphy* (85 Hun, 575, 579). But these remarks, however, were not necessary to the decision in either case.

It will be observed that the waiver provided for in section 354 of the Civil Practice Act refers only to the three preceding sections, relative to confidential communications made to clergymen, to physicians and nurses, and to attorneys and their agents; and that the waiver of the provisions of that section touching the testimony

of the physician, in a case involving the validity of a will, may be made only " by the executor or executors named in said will, or the surviving husband, widow or any heir-at-law or any of the next of kin, of such deceased, *or any other party in interest.*" It is not provided in such a case that any person other than those indicated may make such a waiver.

Thus we are called upon squarely to determine whether the expression " any other party in interest " was intended to include, in addition to those specified, others who have only such a pecuniary or proprietary interest in the proceeding as will justify their appearance therein as parties. It is quite clear that the contestant Nora Snow, claiming under a prior will, was an interested party in this sense (*Matter of Smith,* 95 N. Y. 516, 524, 526). But in the application of this provision and in the construction of the language in question, we should keep in mind the familiar rule of construction that a general expression referring to a class may be limited by the specific terms preceding it; nor, especially, should we overlook the reason behind the rule which the statute prescribes. Section 352 is primarily and evidently intended to protect the privacy of the patient, and to keep that privacy inviolate, except when a disclosure may be approved by one presumed to be interested in its protection, such as a close relative, or one sustaining a trust relation, such as an executor, and possibly such as a guardian or a committee, and the like, an *alter ego*, as it were, of the one who has died or who has become impotent to speak for himself. It was in recognition of this common interest in the privacy of the patient that the statute limited a waiver to the executor, the husband or wife, an heir at law or next of kin, and to such other persons as might be presumed to have a common interest with them in the object of the statute. The appellant here does not come within any of the classes specified in the statute, nor did she have any common interest with them to defend the privacy of the deceased. And while she had an interest in defeating the will in question, that interest was only a proprietary one. And if such a party could waive the provisions of the statute intended to shield the privacy of the living and the memory of the dead, the statute would be rendered nugatory in a large number of cases by the action of those who had only a personal interest to serve.

It is our view that the contestant, not being a relative, and sustaining no trust relation to the deceased that would call upon her to guard the privacy of the testator, did not have such an interest as would authorize her to waive the privacy provided for in section 352 of the Civil Practice Act; and the surrogate committed

no error in excluding the testimony of the physician upon the waiver of the contestant.

The decree of the surrogate should be affirmed.

HILL, P. J., CRAPSER and BLISS, JJ., concur; HEFFERNAN, J., dissents, with a memorandum.

HEFFERNAN, J. (dissenting). I dissent and vote to deny probate of the alleged will on the ground that the testimony establishes that the decedent did not possess the mental requisites of testamentary capacity. I am also satisfied that the surrogate erroneously excluded the testimony of Doctor Cummins. In my opinion the contestant is a " party in interest " within the meaning of section 354 of Civil Practice Act and had a right to waive the privilege as to the doctor's testimony. (*Matter of Smith*, 95 N. Y. 516.)

Decree affirmed, with costs to the petitioning executor, Frank T. McDonald, respondent, payable out of the estate.