In the Matter of the Estate of MARY FRANCES ACKERMAN, Deceased.

Surrogate's Court, New York County, April 29, 1937.

*De Forest, Cullom & Elder* [*Neil P. Cullom* of counsel], for Samuel Cohen, proponent and executor.

*Larkin, Rathbone & Perry* [*Albert Stickney* and *Theodore R. Iserman* of counsel], for the contestants.

*Thomas J. McNamee*, special guardian for Marion Latham Hartman, contestant.

*Sidney Mattison*, for Sydenham Hospital, legatee.

*Matthew B. Sentner*, for the New York Association for the Blind, legatee.

*DeWitt, Lockman & DeWitt* [*Frederick I. Lockman* of counsel], for Orphans' Home Protestant Episcopal Church, legatee.

*Frederick M. Schlater*, for the Presbyterian Hospital.

*Robinson, Hennessy & Weitzer* [*Joseph S. Robinson* of counsel], for Elmira Schecker, legatee.

FOLEY, S. This is an application in a probate contest for the examination before trial of certain adverse parties. The contestants who seek the examination are legatees named in a prior will. One of the parties sought to be examined is Eugene H. Eising, the attending physician of the decedent. The contestants state that they will waive the statutory privilege at the opening of the examination. The proponent objects to the examination upon the ground that sections 352 and 354 of the Civil Practice Act prohibit inquiry upon an examination or upon the trial into confidential communications between the physician and the decedent. The pertinent portions of section 354 of the Civil Practice Act provide that a physician may disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attending such patient professionally, except confidential communications and such facts which would tend to disgrace the memory of the patient, " when the provisions of section three hundred and fifty-two have been expressly waived on such trial or examination by the personal representatives of the deceased patient, or if the validity of the last will and testament of such deceased patient is in question, by the executor or executors named in said will, or the surviving husband, widow or any heir-at-law or any of the next of kin, of such deceased, or any other party in interest."

*Matter of Faiher* (239 App. Div. 246) is cited as authority for the denial of the right of examination. I am not in agreement

with the decision of the Appellate Division, Third Department, in *Matter of Faiher*, which denied the right to a contestant, the sole beneficiary under a former will, who was not related to the decedent, to expressly waive, under the provisions of section 354 of the Civil Practice Act in a proceeding involving the validity of a will, the statutory bar against a physician of the decedent testifying in the proceeding, upon the ground that the contestant was not such a " party in interest " as was intended within the meaning of the section. The brief dissenting opinion held that the contestant had the right to waive the privilege under the definition of " party in interest " set forth in *Matter of Smith* (95 N. Y. 516, decided in 1884).

In my opinion, the phrase " any other party in interest " was clearly intended to include all " persons interested " as the latter expression is defined under section 314 of the Surrogate's Court Act, and the right of waiver under section 354 of the Civil Practice Act was not limited exclusively to the other persons specifically enumerated in that section. The term " persons interested " has always had a well-established meaning in the law of contested wills. Section 314 of the Surrogate's Court Act (formerly sections 2768 and 2514 of the Code of Civil Procedure) defines the expression " persons interested," where it is used in connection with an estate or a fund, as including " every person entitled, either absolutely or contingently, to share in the estate or proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee, or otherwise, except as a creditor." The confidential communications of a patient and the memory of a decedent are still protected by the statute, but the right of waiver has been extended, for obvious reasons, only where the validity of a will is directly involved, to any party interested in the estate or fund. (*Matter of Smith*, 95 N. Y. 516; *Matter of Murphy*, 85 Hun, 575; *Matter of Mele*, 94 Misc. 555.) In *Matter of Smith* (*supra*), which was a contested proceeding for the probate of a will, the contestant, although a stranger to the blood, claimed under former wills executed by the deceased, and was held to be a person deriving an interest under the deceased within the meaning of section 829 of the Code of Civil Procedure (now section 347 of the Civil Practice Act), and thus within the contemplation of the section. The court there stated: " But the probate of a will is a special proceeding (Code, § 3334). The contestant, by appearing to contest the probate, became a party thereto (§ 2617). The will propounded was an obstruction to any claim she may have under the prior wills. Her interest, though contingent and uncertain, whatever it was, was derived under the deceased. Her position, though not

precisely analogous, is similar to that of heirs or next of kin contesting the will of their ancestor, and it can scarcely be doubted that they would be within the protection of the section."

Upon the authority of that case, the contestants, as legatees under a prior will, are clearly parties in interest and come within the class of persons who may expressly waive the privilege of a physician under the statute. (Civ. Prac. Act, § 354.) As stated by the court in *Matter of Murphy* (*supra*), in referring to the amendment extending the right of waiver under section 354 of the Civil Practice Act where the validity of a will was in question: "The purpose of the amendment evidently was to open more widely the door to the introduction of the evidence of medical attendants of a deceased patient when the validity of his will should be in question. The right of waiver was, therefore, extended to others having the relations mentioned to the deceased, and to those having the legal relation of parties in interest, and who are properly in the action or proceeding in which the question arises before the court. There is no question of public policy, recognized at common law, involved. The restriction, so far as it exists in such case, is statutory only."

In view of the specific statutory definition and the long-established interpretation of the words " persons interested " or " party in interest," as applied to will contests, either in the Supreme Court or in the Surrogate's Court, there is no force to the contention that under the rule *noscitur sociis*, the phrase " or any other party in interest " refers to the persons previously mentioned — executor, surviving husband, widow, heir at law and next of kin — to the exclusion of other interested persons. Consistency requires that the right to make the waiver should be available to every person interested in the validity or invalidity of the will and should not be available to some and denied to others. That was clearly the legislative intent in the enactment of the waiver provisions in the year 1891.

Order for examination signed.