In the Matter of the Probate of the Will of WILLIAM L. CLEVELAND, Deceased.

ARTHUR W. CLEVELAND, Appellant; ALBERT B. CLEVELAND et al., Respondents.

Third Department, May 5, 1948.

*William J. Carr* for appellant.

*Briggs & Wilson,* attorneys (*Frank C. Briggs* of counsel), for Albert B. Cleveland and others, respondents.

*Frank C. Brown* for Dorothy C. Allen, respondent.

FOSTER, J.  Contestant appeals from a decree of the Surrogate of Washington County admitting to probate an instrument in writing purporting to be the last will of William L. Cleveland, deceased, and from an order denying a motion for an allowance to contestant.

The testator died January 16, 1947, at about the age of eighty-four years. For some time prior to his death he was confined in a hospital suffering from a serious illness. Contestant is a nephew of the decedent and named as a residuary legatee in the will which has been probated. The will in question was executed on the 9th day of October, 1946. Decedent had executed several prior wills, the last of which was executed on January 25, 1945. In that will decedent made a specific devise of his farm to contestant and also named the latter as one of his executors.

Appellant contested the probate of the will in question upon the ground that decedent lacked testamentary capacity. On the trial, which was held before the Surrogate without a jury, contestant called a physician who had treated the decedent in his last illness, and waived the provisions of section 352 of the Civil Practice Act with regard to the testimony of this physician. The proposed testimony of this physician was objected to as being privileged despite the waiver of contestant and the Surrogate sustained the objection, in fact a whole series of objections. The Surrogate ruled that all parties, including the executor named in the will, must waive the privilege. Testimony of a nurse, who attended the decedent in his last illness, sought to be put in evidence by way of deposition was also excluded, apparently under the same rule. This ruling was clearly erroneous.

Section 354 of the Civil Practice Act provides in part: " But a physician or surgeon or a professional or registered nurse, upon a trial or examination, may disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attending such patient professionally, except confidential communications and such facts as would tend to disgrace the memory of the patient, when the provisions of section three hundred and fifty-two have been expressly waived on such trial or examination by the personal representatives of the deceased patient, * *. * or if the validity of the last will and testament of such deceased patient is in question, by the executor or executors named in said will, or the surviving husband, widow or any heir-at-law or any of the next of kin, of such deceased, *or any other party in interest.*" (Italics supplied.) It will be observed that the language of this section as to those who may waive the disclosure of information otherwise privileged is in the disjunctive and not conjunctive form. It does not require, as the Surrogate ruled, that all parties must **waive the privilege.**

The real question is whether contestant is to be classed as " any other party in interest ". It has been held that one who is not a relative or beneficiary under the will in question but is sole beneficiary under a former will may not waive the privilege on the ground that he is not a party in interest (*Matter of Faiher,* 239 App. Div. 246). The ruling in that case, however, must be confined strictly to the facts thereof. It is not controlling here because in this case contestant is a relative of the decedent and also a beneficiary under the will in question. We think, therefore, that he was a proper party to waive the disclosure of privileged information acquired by both the physician and nurse.

Repondents also rely heavily on the *Matter of Cashman* (159 Misc. 881, affd. 250 App. Div. 871, affd. 280 N. Y. 681). In that case, however, the decision of the court was based on the ground that the questions propounded were too broad and might include matter barred by the statute.

Under the language of the statute the waiver does not extend to confidential communications, and due to the looseness with which both the Bench and Bar have used these terms in the past there may be some difficulty in construing these terms as used in the statute. It has long been held that the prohibition against disclosure of information by a physician embraces all information necessary to treat the patient whether acquired from examination, observation or statements made by the patient (*Edington* v. *Mutual Life Insurance Co.,* 67 N. Y. 185; *Grattan* v. *Metropolitan Life Insurance Co.,* 92 N. Y. 274), and all of these matters have been frequently lumped together as confidential communications. Obviously it is necessary to give these terms a narrower construction when a waiver as permitted by statute is sought to be applied, otherwise the statute would be meaningless. We do not undertake to determine in advance what would amount to a confidential communication in each and every case, but where a waiver has been properly made by a proper party the physician called should be permitted to testify as to the physical and mental condition of the patient (*Holcomb* v. *Harris,* 166 N. Y. 257).

The decree should be reversed, with costs and disbursements to the appellant, and a new trial directed.

HILL, P. J., HEFFERNAN, BREWSTER and DEYO, JJ., concur.

Decree reversed, on the law and facts, with costs and disbursements to appellant on this appeal, and a new trial directed, with costs to abide the event in the court below.