In the Matter of the Probate of the Will of LUIGI FRANGELINE, Deceased. JOSEPH FRANGELINE et al., Appellants; VERA ROSS et al., Respondents.

Fourth Department, November 30, 1961.

*Phelps, Gray, Mansour & Hewitt* (*Salem G. Mansour* of counsel), for Joseph Frangeline, appellant.

*Merino & Vitch* (*R. Robert Marino* of counsel), for Alfonso Di Gregorio and another, appellants.

*Orr, Brydges, Orr & Dowd* (*John G. Dowd* of counsel), for William M. Orr, respondent.

*Findlay, Hackett, Reid & Wattengel* (*Paul H. Reid, Jr.,* of counsel), for Vera Ross, respondent.

WILLIAMS, P. J.   This appeal is from a decree of Surrogate's Court admitting the will of the deceased to probate. The controversy centered around the question of whether deceased was mentally capable of making the will in question. The jury decided that he was.

The appellant Joseph Frangeline, a brother of the deceased, in an effort to prove mental incapacity sought, through his trial counsel, to question two doctors who had treated the deceased.   He also offered certain hospital records in evidence. Proponent's attorney objected, claiming privilege under section 352 of the Civil Practice Act, and the Trial Justice sustained the objection on the ground that under section 354 of the Civil Practice Act the privilege could be waived only by appellant himself in open court.   The appellant was not in court, but he had previously executed a written power of attorney expressly authorizing his attorney to waive the privilege afforded by section 352.   The only serious question before us arises from the ruling which sustained the objection.

Since *Matter of Coddington* (307 N. Y. 181) and the resulting amendment to section 354 of the Civil Practice Act (L. 1955, ch. 466), the breadth of the waiver is no longer in question (see Twenty-first Annual Report of N. Y. Judicial Council, 1955, pp. 73–75).   The amendment added language which made it clear that any confidential communication or information could be waived so long as it would not tend to disgrace the memory of the patient.   It is not now claimed that the testimony offered

would tend to disgrace the patient's memory. Therefore, we are concerned here only with the question of the manner in which the waiver must be made in order to comply with that section.

Section 352 of the Civil Practice Act, as we have said, defines the privilege. Section 354 of the same act specifies the manner in which the privilege may be waived. The pertinent provisions of section 354 are as follows: " The last four sections apply to any examination of a person as a witness unless the provisions thereof are expressly waived upon the trial or examination by the person confessing, the patient or the client. But a physician or surgeon * * * upon the trial or examination, may disclose any information as to the mental or physical condition of a patient who is deceased, which he acquired in attending such patient professionally, except such confidential communications as would tend to disgrace the memory of the patient and such facts as would tend to disgrace his memory, when the provisions of section three hundred and fifty-two have been expressly waived on such trial or examination by the personal representatives of the deceased patient * * * or if the validity of the last will and testament of such deceased patient is in question, by the executor or executors named in said will, or the surviving husband, widow or any heir-at-law or any of the next of kin, of such deceased, or any other party in interest * * * In a judicial action or proceeding the waivers herein provided for must be made in open court, on the trial of the action or proceeding, and a paper executed by a party prior to the trial providing for such waiver shall be insufficient as such a waiver. But the attorneys for the respective parties, prior to the trial of the judicial action or proceeding, may stipulate for such waiver, and the same shall be sufficient therefor.''

It is not disputed, nor is there any doubt, that the appellant was a '' party in interest '' who had the right to waive under this section alone and without joinder by other interested parties (*Matter of Cleveland*, 273 App. Div. 623, 624; *Matter of Ackerman*, 163 Misc. 624).

The power of attorney signed by the appellant may have caused confusion because of the above-quoted portion of the section which provides that a written waiver executed by a party prior to the trial shall be insufficient. However, this language did not prevent the admission of the testimony for two reasons: First, the power of attorney was not a waiver, but an authorization to trial counsel to waive; and, secondly, it was not used as the basis for counsel's waiver. Counsel for the appellant in open court waived on the basis of his general

authority as the legal representative of his client, rather than by virtue of the document. The effect of the document was merely to fortify, if fortification were necessary, the authority of the attorney to waive.

As early as 1889, in *Alberti* v. *New York, Lake Erie & Western R. R. Co.* (118 N. Y. 77, 86) the Court of Appeals, in permitting a waiver by an attorney in open court, said: "As we have seen, the physician was not only called as a witness on behalf of the patient, but his counsel who was conducting the trial in his behalf in open court expressly waived the prohibition of the statute. The attorney in conducting the trial stood in the place and stead of his client, representing him as his duly authorized agent. All that properly related to the conduct of the trial devolved upon the attorney. It was for him to determine what should or should not be presented as evidence, and it appears to us that he must be deemed to so far represent the client as to be authorized in his behalf to waive the privilege and remove the seal of secrecy to the evidence that he in his judgment saw fit to offer for and on behalf of his client". At the time of this decision, the Code of Civil Procedure which was then in effect provided that the statutory prohibition against privileged communication applied to every examination of a person as a witness unless the privilege was "expressly waived" by the patient. The language of the present section 354, to the effect that a paper executed before trial shall be insufficient as a waiver, was added by chapter 53 of the Laws of 1899, but this addition did not basically change the general principles involved.

The purpose of the change is discussed in *Clifford* v. *Denver & Rio Grande R. R. Co.* (188 N. Y. 349, 359) in this manner: "The language of the section limiting waivers to such as are made in open court on the trial of an action or by the stipulation of the attorneys for the respective parties should be so construed as to promote, not to defeat the purpose of the statute." In discussing the legislative history and the reasons leading to the amendment of 1899, the court observed that certain corporations had insisted upon written waivers in contracts of life insurance made long in advance, as it was expected, of the death of the insured, and that such waivers had been held to be effective, and for that reason the Legislature had inserted the provision that a paper executed by a party prior to trial should be insufficient. "The object of the amendment, in our judgment, was to meet the situation created by the underwriters and these decisions, by preventing the virtual repeal of the statute as to an extensive class of contracts" (pp. 356–357).

In the *Clifford* case the court gave the statute a liberal construction by permitting a waiver upon examination before trial. (See, also, *Murray* v. *Physical Culture Hotel,* 258 App. Div. 334.)

The statute was also liberally construed in *Matter of Warrington* (277 App. Div. 1076). There it was stated: " We think that when a patient through a proper legal representative files a verified application in a court proceeding asking that the records be disclosed, that the privilege is effectively and irrevocably waived within the spirit and intention of section 354 of the Civil Practice Act [citations]. The contention of the State that the waiver of the privilege must be made in ' open court ' in a literal and limited sense cannot be sustained.''

Furthermore, merely calling the physician to the stand and questioning him will suffice to establish a waiver. Trial counsel need not specifically state his intention to waive. In *Holcomb* v. *Harris* (166 N. Y. 257, 263) it was claimed by the plaintiff that if the defendant desired or intended to exercise his right of waiver, it was necessary to so indicate so that the opposite party and the court would not be misled. The court said (p. 263): " We are unable to adopt this view of the situation. It is difficult to imagine a clearer act of waiver than for the legal representatives of a deceased patient to call his former physician to the stand and ask him to disclose professional information falling within the provisions of section 834 of the Code. It is apparent that neither court nor counsel was misled in this situation.''

In commenting on the language of the section, the court stated in *Eder* v. *Cashin* (281 App. Div. 456, 460): " It will be noted that this section uses the phrase ' expressly waived '. So far as we can discover these terms have never been judicially limited. The waiver need not be in writing and it is not necessary that there be an express statement of an intention to waive (*Holcomb* v. *Harris,* 166 N. Y. 257). The common sense view would seem to be that a waiver by a personal representative need not be expressed in writing, or in any particular form, but may appear from the proof offered by such representative and the issues tendered.'' (See, also, *Pringle* v. *Burroughs,* 70 App. Div. 12.)

The very language of the statute negates the construction placed upon it by the Trial Justice. The statute simply states that the waiver must be made in open court and then goes on to provide that a paper executed by a party prior to the trial, purporting to waive, shall be insufficient. There is no inconsistency between those two phrases. The waiver must be in

open court on the trial of the action or in a proceeding preliminary to the trial of the action. Merely because a power of attorney had been executed in advance which authorized *the attorney* to waive the privilege in relation to specific testimony should not be held to abridge or annul the general authority of the attorney to conduct litigation for his client in accordance with his own judgment, whether the client is present in court or not. The ruling of the Trial Justice thwarted the purposes and intent of the section. It should be so construed as to preserve its beneficial aspects.

An example of the authority attorneys have in respect to waivers is contained in the last sentence of the section, the effect of which is that even though a paper signed by a client in advance of trial shall not constitute a waiver, nevertheless attorneys may waive in behalf of clients prior to trial. The reasoning all goes back to the purpose of the amendment of 1899, that is, to preclude waivers by clients in advance not only of the trial but in advance of any real prospect of a judicial controversy.

The ruling was highly prejudicial and constitutes error which requires reversal of the decree and a new trial.

In view of this determination, we need not consider the appellant's other contentions concerning procedural errors.

All concur. Present — WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and HENRY, JJ.

Decree unanimously reversed on the law and a new trial granted, with costs to the appellants to abide the event payable out of the estate.