Hiram Duffany, Respondent, *v.* Samuel Ferguson, Appellant.

Defendant sold and assigned to plaintiff a legacy. In an action to recover damages, upon allegations that the purchase was induced by fraudulent representations, it appeared that defendant represented, in substance, that the legacy was as good as a mortgage upon any man's farm, and that plaintiff might inquire. Plaintiff did inquire of persons to whom he was referred by defendant, who stated the legacy to be good. Its value depended upon the question whether it was chargeable upon the testator's real estate. The personal estate was insufficient, but both real and personal more than sufficient to pay it. An attorney, at the request of the parties, examined the will and gave his opinion that the legacy was good. In an action subsequently brought to obtain a construction of the will it was adjudged that the legacy was not a charge on the real estate. The court was requested to charge, in substance, that what was said by defendant was under the circumstances but an expression of opinion. The court refused so to charge, and submitted that question to the jury. *Held,* error; that defendant made no false statements of facts, and what he said could have been only an expression of opinion.

It appeared that defendant had been informed, prior to the sale, by one of the executors that an action for a construction of the will was about to be commenced, and that he did not disclose this to plaintiff. *Held*

(FOLGER, and EARL, JJ., dissenting), that the judgment could not be sustained on the ground of a fraudulent concealment, although the action might have been maintained thereon, as this did not remedy the error in the refusal to charge, under which the jury may have held the representations made were fraudulent, and so have determined the case.

(Argued February 22, 1876; decided September 19, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was for fraud. Defendant's counsel requested the court to charge "that the defendant, if he told the plaintiff that the legacy was good, or he believed it to be good, whichever expression he used, that in either case under the circumstances, without reference to this will, it was a mere matter of opinion, upon which the charges of the complaint in this case cannot be supported."

The court responded: "If the jury are satisfied that he only expressed an opinion, why then he is not liable for the expression of that opinion."

Said counsel then requested the court to charge "that it is, under the circumstances, but the expression of an opinion, and could be nothing else."

The court answered: "That is for the jury to determine."

Said counsel excepted to the refusal of the court to charge that it was a matter of opinion.

*Geo. N. Kennedy* for the appellant. Defendant's statement to plaintiff concerning the legacy was simply the expression of an opinion, and his motion for a nonsuit should have been granted. (*Oberlander* v. *Speiss*, 45 N. Y., 175; *Meyer* v. *Meyer*, id., 169; *Hubbell* v. *Meigs*, 50 id., 480, 488, 489; *Marsh* v. *Falker*, 40 id., 562, 566, 567; *Weed* v. *Case*, 55 Barb., 535; *Ellis* v. *Andrews* 56 N. Y., 83; *Simar* v. *Canaday*, 53 id., 293.)

*D. Pratt* for the respondent. The motion for a nonsuit was properly denied. (2 J. Ch., 622; 47 Barb., 263; *Castle* v. *Noyes*, 14 N. Y., 329.)

MILLER, J.   This action is based upon the false and fraudulent representations of the defendant, made with the intent to deceive and defraud the plaintiff.   To sustain such an action it must not only be proved that the representations made were false in fact, but that the party who made them had, at the time, reason to believe that they were false.   (*Oberlander* v. *Spiess*, 45 N. Y., 175; *Meyer* v. *Amidon*, id., 169.)   The representations made by the defendant, and proved upon the trial, were to the effect and in substance that the legacy which was purchased by the plaintiff was good; that it was as good as a mortgage on any man's farm, and was accompanied by a declaration that the plaintiff could inquire about it.   The proof also showed that inquiry was made accordingly of an attorney; an examination made of the will, bequeathing the legacy, at the surrogate's office, by him and the parties, and an opinion expressed that it was good.   An inquiry was also made of another person, whose name was suggested by the plaintiff, who also concurred with the view, which had been expressed as to the legacy being good.

Whether the representations thus made were true or false, they involved a question of law as to the land of testator being chargeable with the legacy.   In regard to this, each of the parties had no special knowledge, and were equally qualified to judge.   It was, at most, a matter of opinion which could only be determined by an adjudication of a competent court.   The evidence certainly does not establish that the defendant ever represented, or that he believed that the personal estate of the testator alone was chargeable with the legacy, or that it was sufficient to pay the same; and although it subsequently appeared that the court held, in an action to construe the will, that the legacy was not a charge upon the real estate, there is nothing in the case to show that the defendant had knowledge that any such decision would be made.   From the nature of the case such an inference is irrational, as it could not have been known at the time that any such representation was false, or that it was believed to have been false.   A legal decision, adverse to an opinion

expressed, cannot establish fraud for which a party can be held liable in an action. Knowledge of facts is one of the essential elements upon which fraud is predicated, and when a person does not know, and from the circumstances existing, it is entirely apparent cannot know, and in fact it would be impossible for such person to have such knowledge, it would be doing violence to the principle upon which an action for fraud and deceit is founded to hold that he is responsible. In cases where there is a want of knowledge, representations made are considered as but an expression of the conviction and of the opinion of the person who makes them, rather than a positive affirmation of a fact, and are not necessarily fraudulent, although entirely erroneous. Fraud cannot be proved by showing that statements thus made as expressions of opinion and belief, founded upon the judgment or information derived from others, are false. It must be shown, as already stated, that the person knew them to be false at the time. (*Marsh* v. *Falker,* 40 N. Y., 562; *Hubbell* v. *Meigs,* 50 id., 480.) When, therefore, such person could not have possibly known the falsity of the statement, there could not be any fraud. As the conclusion is irresistible that the defendant made no false statements of facts, and that what he did say as to the legacy being good was merely an expression of an opinion (*Simar* v. *Canaday,* 53 N. Y., 298), the judge was clearly wrong in refusing to charge, as requested by the defendant's counsel, that what was said by the defendant under the circumstances was but the expression of an opinion, and could be nothing else. This opinion involved a question of law, and it did not answer the request made for the judge to say that it was for the jury to determine.

The opinion of the General Term upon the appeal in this case, which sustains the judgment of the trial court, is based upon the fraudulent concealment from the plaintiff of the intention of the executors to bring a suit to determine whether the legacies were a charge upon the real estate. There was no allegation in the complaint in regard to this branch of the case; but it may very well be that a recovery might have

been had upon this ground upon the evidence presented. The difficulty, however, is, that as the court refused to charge in accordance with the request stated, the jury may have determined the case for the reason that the representation made was fraudulent. This would have been erroneous if the views already expressed are correct; and we are not, therefore, authorized to consider the question whether the judgment can be upheld upon the ground that there was a fraudulent concealment.

As the plaintiff was not a party to the action brought by the executors for a construction of the will, and had no opportunity to defend the same and protect his rights, it is not apparent how he could be affected by a decision of that case. The question, therefore, remains open and undetermined so far as he is concerned as to the legacy being a charge upon the real estate. It was not distinctly raised upon the trial, but may, perhaps, be considered as presented upon the motion made by the plaintiff for a nonsuit, although this specific ground was not there stated. It is by no means conclusive from the authorities to which we have been referred, that the legacy was not such charge ; but as a new trial must be granted, upon the ground already stated, the decision of that question upon this appeal is not required.

It is proper to suggest that the charge of the judge to the effect that if the conclusion of the jury was favorable to the plaintiff he would be entitled to recover the amount of the legacy, after deducting the payments which had been made upon the same, was not applicable to the case. The action was for fraud, and the true measure of damages would be the difference between the value of the legacy as represented and as it actually was. This value might depend upon circumstances ; and hence the difference between the amount of the legacy and the sum received was not the correct criterion. It is true that this portion of the charge was not excepted to, and the question does not directly arise upon this appeal ; but as a new trial must be had, it is not out of place, in that point of view, to refer to this aspect of the case.

The judgment must be reversed and a new trial granted, with costs to abide the event.

CHURCH, Ch. J., ALLEN and RAPALLO, JJ., concur; FOLGER, and EARL, JJ., dissent; ANDREWS, J., took no part.

Judgment reversed.

Upon a subsequent motion for reargument, the following opinion was delivered.

*Per Curiam.* The conclusion which was reached upon the principal question arising upon this appeal would seem to follow from the course of reasoning in the opinion, and the judges who concurred in the same see no occasion to change their views, after a careful consideration of the points presented upon this motion for reargument. They are of the opinion that the additional authorities which have been cited do not affect the question discussed and while they might be applicable where the alleged fraud related to a false representation as to a fact, they are not in point in reference to an opinion upon a question of law in regard to which both parties enjoy the same opportunities, and are equally capable of arriving at a correct conclusion. But while they think that the judge was in error in refusing to charge as requested in reference to the opinion expressed, it by no means follows that the case must be disposed of entirely upon that question. It would not have been inconsistent with the views expressed in the opinion, and the judge might very properly have qualified his refusal to charge, by saying that the pleadings might be considered as amended to meet the proof, and in that state of the case, if the defendant had fraudulently concealed from the plaintiff, information which he had as to the intention of the executors to bring an action to determine whether the legacies were a charge upon the real estate, and such concealment would have affected the plaintiff by preventing him from entering into the contract for the purchase of the legacy, that then a case of fraud was made out, and the plaintiff was entitled to recover. This would have presented

the question upon which the General Term sustained the judgment, and perhaps the real question in the case, to the consideration of the jury, in as favorable a light for the plaintiff as was warranted by the evidence. In regard to the charge upon the question of damages, it is proper to say that it was not discussed upon the hearing of the appeal, and if the case was tried upon the hypothesis that the contract was rescinded, it may well be that the rule laid down in the charge was correct. As no exception was taken to the charge in this respect, the question is not presented, and the remarks made were not called for. So also the question as to the legacy being a charge upon the real estate was not in the case. The observation made as to this as well as the point preceding the last, were mere suggestions thrown out in reference to a new trial, and should not be considered as controlling or decisive.

It may also be observed that the opinion upon the principal question considered, only expressed the views of two of the members of the court, two others having concurred in the result, two dissented, and one did not take any part.

It is apparent from what has already been remarked, that this is not a case for a reargument. We have deemed it proper however to make the explanation already stated as to the opinion, so that no further misapprehension may exist when a new trial takes place.

Motion for reargument denied, without costs.

All concur.

Motion denied.