CASH v. AMERICAN SPECIALTY TAILORING CO.

(Supreme Court, Appellate Division, First Department.   July 10, 1913.)

CONTRACTS (§ 332*)—ACTIONS—COMPLAINT—SUFFICIENCY.

A complaint which alleged the making of a contract, which is attached thereto, and that there was due the plaintiff under the contract a certain sum, but which contained no allegations from which it could be determined or inferred whether the plaintiff claimed for a breach of the contract, for services rendered, or for commissions earned, nor allegations of readiness on his part to perform, states no cause of action.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1615–1639; Dec. Dig. § 332.*]

Appeal from Special Term, New York County.

Action by Jacob Cash against the American Specialty Tailoring Company. Motion of the defendant to vacate an order for the examination of one of its officers before trial denied, and defendant appeals. Motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

H. Lionel Kringel, of New York City, for appellant.
Charles Soble, of New York City, for respondent.

PER CURIAM. 'This appeal is from an order denying a motion to vacate an order for the examination of one of the officers of the defendant before trial and directing the production of books and papers.

The motion to vacate should have been granted for the reason that the complaint does not state facts sufficient to constitute a cause of action. All that it contains are statements as to the making of the contract, the substance thereof, and that it is annexed to and made a part of the complaint. Then follows an allegation that:

"There is now due and owing to this plaintiff under the aforesaid contract the sum of four thousand dollars ($4,000), no part of which has been paid, although duly demanded."

No facts are stated from which it can be determined, or even inferred, whether the plaintiff claims for a breach of the contract, services rendered, or commissions earned. There was no allegation to the effect that the plaintiff has performed or was ready and willing to

perform on his part. The allegation above quoted, showing that there is due $4,000, is a mere conclusion of law, not based upon any facts set forth in the complaint.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.