(173 App. Div. 701)

WIGHTMAN v. WIGHTMAN et al.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

ASSIGNMENTS ⊂⊃131—ACTION—PLEADING.

Complaint alleging an assignment "of all and any right, title, and interest which I may now have or which may hereafter accrue to me" in a firm is sufficient to show a cause of action for money loaned to the firm,

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

if it should be shown by other evidence that the assignment was intended to transfer the debt arising out of the loan.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 220–226; Dec. Dig. ☞131.]

McLaughlin and Page, JJ., dissenting.

Appeal from Special Term, New York County.

Action by William F. Wightman against Richard Wightman, Jr., and another. From an order granting a motion to vacate an order for the examination of defendants before trial, plaintiff appeals. Order reversed, and motion denied.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Theodore L. Bailey, of New York City, for appellant.

Herbert R. Limburg, of New York City, for respondents.

SCOTT, J. The plaintiff sues upon two assigned claims against the defendants, who are or were members of a firm doing business as Wightman & Co. The sole ground upon which the motion was granted, and practically the sole ground upon which it is sought to be sustained, is that the complaint does not state any cause of action. A motion of this character does not furnish an appropriate occasion, speaking generally, to pass upon the sufficiency of a pleading. Sometimes, of course, a pleading will be found that is so obviously bad that no reasonable argument can be made in behalf of its sufficiency. In such a case it would be futile to grant an order for an examination to sustain it. Such cases, however, are rare, and in our opinion this is not one of them.

The assignments under which plaintiff sues were made by his mother, and each is of one-half "of all and any right, title, and interest which I may now have or which may hereafter accrue to me in the firm of Wightman & Co." It appears from the complaint that the only interest the assignors had in the said firm or its assets was that they had each loaned the firm considerable sums of money, which had not been paid and are still owing. The argument advanced by the respondents is that the phraseology of the assignment is not appropriate to the assignment of a claim for moneys loaned. The phraseology is certainly not apt to effect such a purpose, but we are not prepared to say, upon a mere inspection of the pleading, that it is not sufficient, if it should be made to appear by evidence aliunde the assignment itself that it was intended to transfer the indebtedness arising out of the loans, for the question as to what is covered by the assignment is to be determined by the intention of the parties to it.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied. Settle order on notice.

CLARKE, P. J., and SMITH, J., concur.

McLAUGHLIN, J. (dissenting). This appeal is from an order granting a motion to vacate an examination of defendants before trial. The motion was granted upon the ground that the complaint

does not state a cause of action. If this be true, then the order directing the examination was properly vacated. This is precisely what this court held in Cash v. American Specialty Tailoring Co., 157 App. Div. 729, 142 N. Y. Supp. 767. In that case the appeal was from an order denying a motion to vacate an order for the examination of one of the officers of the defendant before trial, and this court reversed the order and granted the motion, saying:

"The motion to vacate should have been granted, for the reason that the complaint does not state facts sufficient to constitute a cause of action."

This action is at law to recover loans alleged to have been made to the firm of Wightman & Co. by Elizabeth Wightman and Richard Wightman, respectively. The complaint alleges that they delivered to the plaintiff written assignments of one-half of said loans, which assignments are annexed to and made a part of the complaint. An examination of those instruments shows that they do not purport to, and do not actually, assign any loans, or any interest therein. What they do assign to the plaintiff is "one-half of all and any right, title, and interest which I may now have or which may hereafter accrue to me in the firm of Wightman & Co." It is an assignment of an interest *in* the firm, and not an assignment of a cause of action *against* the firm. An interest in the firm represents an asset, and a loan to it is a liability, of the firm. Therefore, on the face of the instruments, they do not transfer to the plaintiff any interest in a claim against the firm. If the assignments were intended to transfer a claim against the firm, then, before a recovery can be had upon them, a reformation must be had. Obviously this cannot be done in an action at law.

The complaint, in my opinion, does not state a cause of action, and I therefore dissent from the opinion of Mr. Justice SCOTT, and vote to affirm the order appealed from.

PAGE, J., concurs.