AMELIA W. MOFFAT and Others, Respondents, v. PHŒNIX BREWERY CORPORATION and Others, Appellants.

Fourth Department, May 6, 1936.

*Charles W. Strong* [*James T. Driscoll* with him on the brief], for the appellants.

*Harold V. Potter* [*Thomas R. Wheeler* with him on the brief], for the respondents.

EDGCOMB, J.   The propriety of an order requiring the defendants to submit to an examination before trial is challenged upon this appeal.

It is urged that the testimony sought to be elicited upon this hearing is neither necessary nor material, for the reason, among other things, that on the very face of the complaint itself it is evident that the plaintiffs have no cause of action against the defendants, and that the desired proof will, therefore, be of no avail.

It needs no argument to establish the propostition that a defendant should not be put to the inconvenience of submitting to an examination before trial, if from the complaint itself it is obvious that there is no cause of action against him.   Idle ceremonies are futile, and answer no useful purpose;   they simply result in a needless expenditure of energy and a waste of time.

Defendants have not seen fit to make a motion to dismiss the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action.   If they seriously questioned the sufficiency of the pleading, that remedy was open to them.   (Rules Civ. Prac. rule 106.)   Upon this very motion they could have moved for such relief.   (Civ. Prac. Act, § 117.)

Having neglected to avail themselves of the remedy afforded to have it judicially determined whether the complaint states a cause of action or not, it may very well be argued that the defendants have, for the purposes of this motion, waived their right to question the efficiency of the pleading.

Undoubtedly cases may arise where the inadequacy of a pleading is so obvious and manifest that the court would be justified in holding it worthless on a motion of this character, and denying a party the right to examine his opponent for that reason.   (*Cash v. American Specialty Tailoring Co.*, 157 App. Div. 729.)

An application for an examination before trial, however, is hardly a suitable place or occasion to pass upon the sufficiency of a pleading, and unless its inadequacy is evident upon its face, and is free from doubt, the party to be examined, if he wishes to test its efficiency, should be compelled to do so on a motion addressed specifically to that purpose. (*Wightman* v. *Wightman*, 173 App. Div. 701.)

The complaint in the instant case is not so clearly deficient as to require us to pass upon its worth at this time. We leave that question to be determined upon the trial, or upon an appropriate motion, if one is made, without expressing any opinion upon the subject.

So far as the statute is concerned, the only limit placed upon an examination before trial is that the testimony shall be " material and necessary in the prosecution or defense of the action." (Civ. Prac. Act, § 288; *Public National Bank* v. *National City Bank*, 261 N. Y. 316.) A rule of law, however, has been adopted in this and other departments which limits the issues which may be inquired into on an examination of this character to matters necessary to be proven to entitle a plaintiff to make out his cause of action, or a defendant to establish an affirmative defense. A party is not entitled to an unlimited interrogation of his opponent, nor will a cross-examination of one's adversary be permitted concerning matters which he must show on his side of the case. (*Sands* v. *Comerford*, 211 App. Div. 406; *Welsh* v. *Cowles Shipyard Co., Inc.*, 200 id. 724; *Smith* v. *Webaco Oil Co.*, 233 id. 260; *Lattimer* v. *Sun-Herald Corp.*, 208 id. 503; *Tichnor Bros., Inc.*, v. *Bickle*, 216 id. 110; *New York City Car Advertising Co.* v. *Regensburg & Sons, Inc.*, 205 id. 705; *Curtis* v. *Searles*, 206 id. 287; *Caldwell* v. *Glazier*, 128 id. 315; *Oshinsky* v. *Gumberg*, 188 id. 23.)

While it may be argued with some force that, if examinations before trial are to be had at all, a party should be given free rein to inquire into all the issues involved in the case, instead of confining the investigation to the affirmative of those matters concerning which the movant has the burden, we must take the law as we find it, and as it has been established by the decisions.

It is true that this court has, in exceptional cases, extended the rule to a very limited degree. (*Caskie* v. *International R. Co., No. 2*, 230 App. Div. 591; *Green* v. *Selznick*, 220 id. 12; *Marine Trust Co.* v. *Nuway Devices, Inc.*, 204 id. 752.) But these cases constitute exceptions to the rule, and not the rule itself. We fail to find any reason why the well-settled practice in this department should be relaxed upon this application, or why the examination should not be confined to those matters which are necessary and

material for the plaintiffs to establish in order to make out a case against the defendants.

Another restraint should be placed upon this inquiry. Before the plaintiffs can have an accounting, they must first establish their right to one. That is the first issue to be determined, and until that is decided in plaintiffs' favor it cannot be said that evidence relating to the details of the account will ever be needed. Defendants should not be required to submit to an examination upon issues relating to the measure of their liability, unless and until it appears that the plaintiffs are entitled to an accounting. If it then becomes apparent that an inquiry along such lines is proper, application for such relief can be made. (*Solar Baking Powder Co.* v. *Royal Baking Powder Co.*, 128 App. Div. 550; *Vejarano* v. *Bruning*, 165 id. 246; *Del Genovese* v. *Del Genovese*, 149 id. 266; *Struckler* v. *Teitz*, 206 id. 436; *Pomerantz* v. *Naomi Realty Corp.*, 228 id. 837; *Lundberg* v. *Potter*, 193 id. 885; *Slaughter* v. *Turkel*, 146 id. 620; *Bamberger* v. *Cooke*, 181 id. 805; *DeRapalie* v. *Gavin*, 209 id. 883.)

The scope of the order appealed from is by no means limited to those facts which the plaintiffs must show to establish their right to an injunction and to an accounting. A large part of the inquiry goes either to the items of the coveted account, or is in effect a cross-examination of the defendants as to what ownership they assert in the disputed names and trade-marks, and by what right defendants claim to be entitled to their use. It will be sufficient for plaintiffs' purpose, in the first instance at least, to prove their legal or rightful title to the property. The burden of denying such ownership will then rest on the defendants.

We think that the order should be modified by striking out all subjects upon which this examination has been permitted, except the matters specified in paragraphs 5, 11 and 12, and the topics set forth in paragraphs 6 and 7, with the exception of the quantities of ale brewed and sold, and the names of the firms or corporations to whom any lease or license to sell and brew ale has been given, and as thus limited and modified affirmed, without costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Order modified in accordance with the opinion and as modified affirmed, without costs.