OTTO W. A. SULZER, Plaintiff, *v.* ALPHONSE FONTHEIM, Defendant.

Supreme Court, Special Term, New York County, January 16, 1939.

*David Borodkin*, for the plaintiff.

*Mottur & Mottur*, for the defendant.

COLLINS, J. The plaintiff's motion for reargument is granted. The papers present an unusual situation and raise a novel question. The action was commenced eighteen years ago, and seeks recovery on promissory notes. Although the defendant defaulted in answering, no further proceedings were taken by the plaintiff during the eighteen years, and nothing was done in the action until the motion by the defendant's administratrix (the defendant having died within the past year) to dismiss for failure to prosecute.

The plaintiff counters by pointing to the default and insists that the defendant has no standing to move for dismissal or to be otherwise heard.

Technically, the plaintiff is correct. But if technicalities are to be strictly observed the plaintiff's opposing papers should be disregarded because the plaintiff, without an order of substitution, now appears by a different attorney.

It would seem that the plaintiff is a non-resident alien, and no affidavit from him personally is presented.

The reason now assigned for not pressing the action within the eighteen years is that a judgment was obtained against the defendant in another court and remains unsatisfied. Another judgment against the defendant, argues the plaintiff, would be of no value "as the plaintiff could not effect a recovery upon one and the smaller one at that."

The plaintiff does not say that he will proceed to enter judgment or otherwise dispose of the case. He rests on the position that since the defendant is in default no one has power to force him to proceed against his inclinations. In this I think he is mistaken; that in this situation the court has inherent power to compel a disposition of the case appears to me self-evident. Otherwise, actions would pend indefinitely. When a party invokes the aid of the court to enforce a right the court has an interest in the expeditious disposition of the litigation. Though the plaintiff be the actor, he is not the sole interested party. The law does not condone or encourage lethargy. The plaintiff should either proceed or withdraw. An indefinite hiatus is intolerable. Surely some power exists to terminate it. The power, I think, resides in the court.

Even though the defendant has defaulted, the facts are before the court, and the court, on its own motion, can do what those facts warrant. From the facts is spelled out a presumption that the plaintiff has abandoned his claim. Abandonment may be implied from acts and conduct or omissions.

The decision of November 30, 1938, is recalled. Unless the plaintiff takes steps for the disposition of the action within ten days from the service of a copy of an order hereon with notice of entry, the action will stand dismissed as abandoned.