John R. Murray, Respondent, *v.* Physical Culture Hotel, Inc., Appellant.

Fourth Department, December 27, 1939.

*Frank A. Pfalzer* [*Samuel E. Chasin.* of counsel; *Walter A. Kirk-patrick* with him on the brief], for the appellant.

*Weldgen, Newton, Morgan & Little* [*Nicholas J. Weldgen* of counsel], for the respondent.

Orders, so far as appealed from, affirmed, with ten dollars costs and disbursements, on the opinion of VAN VOORHIS, J., at Special Term.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

The following is the opinion of VAN VOORHIS, J., rendered at Special Term:

VAN VOORHIS, J. The action is brought to recover damages for personal injuries claimed to have resulted from actionable conduct of the defendant in causing the plaintiff to contract tuberculosis. Plaintiff's chief contention is that in spite of and in reliance upon a representation by the defendant that no tubercular cases are accepted at its health resort he was placed in the same room with one William John Thomas for a sufficient length of time while Thomas was suffering from pulmonary tuberculosis so that the plaintiff contracted the disease. Negligence, misrepresentation and breach of contract are variously alleged as grounds for recovery. An application for examination before trial is not a suitable occasion to pass upon the sufficiency of a pleading unless its inadequacy is evident upon its face and free from doubt. (*Moffat* v. *Phœnix Brewery Corporation*, 247 App. Div. 552.) Upon whatever theory

the plaintiff proceeds, it is material and necessary to his case that he establish that William John Thomas, now deceased, was suffering from tuberculosis. In order to secure evidence of that fact, the plaintiff is seeking to take the testimony of physicians who attended him and likewise to compel the defendant to produce its records of the medical history of Mr. Thomas while he was a guest or inmate of defendant's institution. Defendant objects upon the ground that it involves disclosure of privileged communications between physician and patient. The other questions upon these motions were disposed of upon the argument. This question alone was reserved for decision.

It appears from the affidavits that William John Thomas died a resident of Granite City, Ill., three weeks after leaving defendant's care, and that David T. Hopkins of that city was appointed his administrator. A formal waiver executed by Mr. Hopkins has been produced consenting to the examination which the plaintiff applies for on this motion of Dr. Edward H. Droege of Granite City, Ill., who attended Mr. Thomas after he left defendant's institution, and consenting that the plaintiff may also examine the persons connected with the defendant, together with its records, in so far as they relate to Mr. Thomas' condition. Under section 354 of the Civil Practice Act an administrator may waive the privilege of a deceased patient except as to confidential communications and such facts as would tend to disgrace the memory of the patient, but " the waivers herein provided for must be made in open court, on the trial of the action or proceeding, and a paper executed by a party prior to the trial providing for such waiver shall be insufficient as such a waiver." The administrator, who resides in Illinois, cannot be subpœnaed to be present at the trial so as to render his waiver in open court, nor, if that were possible, would it avail the plaintiff inasmuch as it would then be too late for him to procure the testimony by commission of Dr. Droege, who also resides in Illinois, or the testimony of doctors connected with the defendant and the defendant's records. Consequently, the plaintiff now applies to take the testimony by commission in Illinois of David T. Hopkins, the administrator of William John Thomas, upon the theory that a waiver by him upon interrogatories will be equivalent to being made on the trial of the action. In *Clifford* v. *Denver & R. G. R. R. Co.* (188 N. Y. 349) it was pointed out that the reason for the requirement that the waiver be made on the trial was the practice which had been indulged in by life insurance companies of incorporating in advance waivers of privilege in policies of insurance. The court stated, per VANN, J., that the object of the statute was to prevent the disclosure of a patient's

secrets against his will and not to interpose an obstacle to the administration of justice, adding (p. 359): " While there is no doubt that the examination of a witness under a commission cannot be regarded for all purposes as part of the trial, still the taking of testimony to be used as evidence by either party may well be regarded as a part thereof so far as it affects the question now before us. The application for a commission is made in open court, to take evidence to prove or disprove the issue. It is a proceeding authorized by law to compel a witness to give evidence to be used in deciding the case. Although preliminary to the formal trial in point of time, in substance it may be held so much a part of the trial as to comply with the amendment of 1899, passed for the purpose, already pointed out, of preventing waivers by contract made long before the commencement of the action." It has also been pointed out that section 354 provides for waiver of privilege so as to permit a physician to testify " upon a trial or examination." In *Woernley* v. *Electromatic Typewriters, Inc.* (271 N. Y. 228, 232) it was held that the doctrine of privilege between physician and patient precludes disclosures before a referee the same as disclosures upon a trial in court. A corollary must be that the privilege can be waived before a referee, for it must be capable of being waived upon any examination where it can be invoked. To hold otherwise would result in injustice inasmuch as it is often as much in the interest of a patient to reveal what an examination by his physician discloses as it is to conceal it. To the same effect is *Lorde* v. *Guardian Life Ins. Co.* (252 App. Div. 646). The privilege of secrecy was held to be waived upon an examination before trial in *Fortgang* v. *Alpert* (256 App. Div. 949). *Matter of Ackerman* (163 Misc. 624) involved an application in a contested probate proceeding for an examination before trial of the attending physician of the decedent. It was held by FOLEY, S., that a waiver of the statutory privilege at the opening of the examination was competent.

It is concluded that the examination of witnesses without the State upon a commission is a portion of the trial of the action for the purpose of satisfying the requirement of section 354 of the Civil Practice Act.

The next contention made by the defendant is that waiver can be made only by a party to the litigation. The question of privilege can be raised by a party although the patient is not a party for the reason that it is in the public interest in the absence of waiver by the patient that the confidential nature of the relationship be protected even though the patient is not before the court. (*Bacon* v. *Frisbie*, 80 N. Y. 394, 399, 400.) That is upon the theory, however, that the privilege belongs to the patient and not to the

party, and that it is for the patient to decide whether to claim his privilege or to waive it. (*Southard* v. *Rexford*, 6 Cow. 255, 259; *People* v. *Bodine*, 1 Den. 281, 314; *Cloyes* v. *Thayer*, 3 Hill, 564, 566; *Ward* v. *People*, 6 id. 144, 146; Wigmore on Evidence [2d ed.], §§ 2270, 2321, 2386.) In *Cloyes* v. *Thayer* (*supra*) the court said (p. 566): " The party to the suit cannot object [where the patient waives his right to secrecy]. He has no right to insist upon the privilege and require the court to exclude the evidence on that ground. The witness may waive it and testify, in spite of any objection coming from the party or his counsel. (*Thomas* v. *Newton*, 1 Mood. & Malk. 48, note [b]; *Treat* v. *Browning*, 4 Conn. R. 408; *Southard* v. *Rexford*, 6 Cowen, 259; Cowen & Hill's Notes to Phil. Ev. 748.) " In this instance the waiver which the plaintiff attempts to elicit is not to be made by the patient but by his administrator as a witness. The power of an administrator to waive is prescribed by section 354 and is not so broad as that of the patient would have been if living, inasmuch as the administrator is precluded in any event from permitting the disclosure of confidential communications or of such facts as would tend to disgrace the memory of the decedent. The testimony which the plaintiff is attempting to bring out that Mr. Thomas suffered from tuberculosis for some time before he died is not a confidential communication and has no tendency to disgrace his memory. It is, therefore, within the power of his administrator under section 354 to grant the waiver. There is no doubt that Mr. Thomas would have been competent to waive it himself, if living, and the circumstances of the case bring it within the statute in so far as it confers an identical power upon his administrator. The powers of a personal representative to act with relation to his decedent, it is true, are confined to such matters as concern the interest of the decedent. Nevertheless, where the executor or administrator is made by statute, as here, the guardian not only of the property but also to some extent of the memory of the decedent, courts should be slow to hold on their own initiative that no interest of the decedent can be involved. The court is not informed whether the administrator of Mr. Thomas may consider that some advantage would inure to his estate as a result of disclosures which may be made upon the trial. Even though nothing of the kind be in contemplation, the administrator may think that it is in the interest of his decedent that the true facts concerning his health and death shall be made public if there is going to be a trial, rather than to have the disease which afflicted him left in doubt and ambiguity with possible inferences drawn which might reflect upon his reputation. It is not necessary for the plaintiff to establish

that any of these considerations actuate the administrator in waiving the privilege, if he shall do so in answer to the questions asked of him under the commission which issues herein. Unless it shall appear that under no conceivable eventuality could a waiver of the privilege by the administrator benefit the decedent, it should not be held that the personal representative is not acting within his authority. The presumption is otherwise, and, were the rule different, it would amount to introducing restrictions upon the exercise of the power which the statute has not imposed and might result in injustice to the memory and estates of deceased persons. Whether the occasion is suitable can safely be left to the discretion of the executor or administrator unless it appear that his trust clearly has been abused.

The executed waiver which has been set forth in the moving papers is insufficient to comply with section 354 for the reason that it has been made in advance of the trial. It is sufficient, however, to establish reasonable cause to believe that the administrator of Mr. Thomas will waive the privilege upon the trial if he is given an opportunity to do so, and justifies the issuance of a commission to take his testimony with reference thereto. If he shall make such waiver as a part of his examination under the commission, then a further commission may issue to take the testimony of the attending physician, Dr. Edward H. Droege, in Illinois, and likewise the plaintiff will then be entitled to examine the defendant before trial, and in each instance to the production of relevant books and papers.

The orders to be entered upon these motions should contain provisions carrying into effect the relief granted upon the argument in connection with other portions of these motions as well as that hereby allowed and should provide suitably for retention of jurisdiction by the court so as to grant or deny the examination of Dr. Droege and the defendant with reference to William John Thomas.