THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NORMAN CLARK, Appellant.— Judgment of conviction and order reversed on the facts and a new trial granted on the ground that on this record defendant's guilt is not established beyond a reasonable doubt. All concur. (The judgment convicts defendant of the crime of rape, first degree. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

IVA KELLEY, Appellant, v. HENRY W. GENTER and CHARLES BRENON, Doing Business under the Firm Name and Style of GENTER & BRENON, Respondents.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event, on the ground that the questions of defendants' negligence and of the approximate cause of plaintiff's injuries were questions for the jury. All concur. (The judgment dismisses the complaint in a negligence action.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

GRACE M. LALLY, as Executrix, etc., of HENRY P. LALLY, Deceased, Respondent, v. KATHARINE WILSON and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements. Memorandum: In this action plaintiff seeks to obtain certain shares of corporate stock of which it is claimed plaintiff's testator was defrauded by the defendants. Plaintiff also seeks an accounting for the profits of the stock earned during the period it has been wrongfully withheld by defendants. The order appealed from is attacked because it directs examination of certain of the defendants as to their knowledge of the profits made on the stock, and the objection is that, until plaintiff establishes a right to the stock, there should be no inquiry into the financial affairs of the corporation. (*Moffat* v. *Phœnix Brewery Corp.*, 247 App. Div. 552.) It is true that great injustice could be done to a business by permitting an inquiry into all its financial affairs by one who might turn out to be not properly interested in the corporation, and perhaps interested only in a rival company wishing to know its secrets. As we interpret the order, however, it permits only an inquiry into the general knowledge which the defendants have of the corporate business and profits, without going into the details of such business and profits. All concur. (The order denies motions of certain defendants for an order vacating plaintiff's notice of examination before trial or to limit such examination in a stockholder's action.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

FIRST TRUST & DEPOSIT COMPANY, Respondent, v. FRANK J. CREGG, JR., as Trustee in Bankruptcy, etc., of JULIAN S. BROWN, Appellant, ALBERT C. SCHUMACHER and Others, Defendants.— Order affirmed, with ten dollars costs and disbursements. All concur, except McCurn, J., not voting. (The order denies a motion to dismiss the complaint in an action to recover the amount due on a realty bond.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.