EDSON J. BARRETT, Plaintiff, *v.* LYMAN MATSON and IRA MATSON, Defendants.

Supreme Court, Tompkins County, January 8, 1942.

*Daniel Crowley,* for the plaintiff.

*Stagg, Thaler & Stagg* [*Louis K. Thaler* of counsel], for the defendants.

DEYO, J. This is a negligence action wherein the defendants' answer includes two affirmative defenses to the effect that the plaintiff is not the real party in interest, and that plaintiff has

not suffered damage, in that he has already received payment for the loss of his automobile.

The defendants seek to examine the plaintiff before trial on the question of whether or not the plaintiff carried collision insurance and, if so, whether or not any payment has been made thereunder.

If, in fact, the plaintiff did carry collision insurance and the carrier had paid all or part of the plaintiff's claim, then the carrier by subrogation may have become the absolute owner of all or a proportionate interest in the claim, and to that extent may be the real party in interest in whose name the action for its proportion of the claim must be brought. (Civ. Prac. Act, § 210; *Ocean A. & G. Corp.* v. *Hooker Electrochemical Co.*, 240 N. Y. 37; *Sisson* v. *Hassett*, 155 Misc. 667; *Yezek* v. *Delaware, Lackawanna & Western R. R. Co.*, 176 id. 553.) So far as the Third Department is concerned, an insurance carrier may no longer escape the rigor of this rule by designating such payment as a loan. (*Purdy* v. *McGarity*, 262 App. Div. 623, revg. 176 Misc. 82.) Consequently, the examination sought is clearly material and necessary to the defense of the action.

It is true that there is serious question as to the sufficiency as a matter of law of the rather meagre allegations constituting the two affirmative defenses, and I am aware that courts have on occasions granted motions to vacate examinations before trial on that ground. (*Cash* v. *American Specialty Tailoring Co.*, 157 App. Div. 729; *Herald Nathan Press, Inc.*, v. *Bourges*, 161 Misc. 208; *Rosenfield* v. *Heller*, 126 id. 328.) However, generally speaking, a motion of this character does not furnish an appropriate occasion to pass upon the sufficiency of a pleading. (*Murray* v. *Physical Culture Hotel, Inc.*, 258 App. Div. 334; *Moffat* v. *Phœnix Brewery Corp.*, 247 id. 552; *Wightman* v. *Wightman*, 173 id. 701; *Bowes* v. *National City Bank of New York*, 169 Misc. 78.) The plaintiff is provided with an appropriate remedy if he desires to raise this question (Rules Civ. Prac. rule 109, subd. 6), which right has not been lost by failure to move promptly. (Civ. Prac. Act, § 279.) In fact, he might have moved for the relief herein sought upon this very motion. (Civ. Prac. Act, § 117.) As Judge EDGCOMB said in *Moffat* v. *Phœnix Brewery Corp.* (*supra,* 553), in discussing this objection when raised relative to a complaint: " It may very well be argued that the defendants have, for the purposes of this motion, waived their right to question the efficiency of the pleading." In any event, I do not feel that I should pass upon such an important question when raised in this collateral fashion.

The plaintiff also attacks the propriety of the proposed examination on the ground that the person before whom the testimony is sought to be taken is not a proper person. It appears that the defendants have designated in their notice a notary public who is a stenographer in the employ of their attorneys. This objection seems to be well taken. (Civ. Prac. Act, § 301.)

The defendants' notice of examination will, therefore, be modified by providing that it be had before Abraham W. Feinberg, Esq., at his office in the city of Ithaca, on the 23d day of January, 1942, at ten A. M. In all other respects the motion is denied.

No costs will be awarded to either party.

Submit order in accordance with the foregoing.