HONOR BRAND MILLING Co., INC., Plaintiff, *v.* LUTHER H. ROBIN-SON et al., Defendants.

Supreme Court, Special Term, Erie County, April 16, 1948.

*George C. Riley* for plaintiff.

*Erwin & Erwin* for defendants.

HALPERN, J. This is a motion for the examination of the defendant Robinson before trial, and for the inspection of certain property described in the supplemental complaint.

The background of the case is as follows: Grace Newland became indebted to the plaintiff during the year 1930, for certain feed sold to her as the operator of the Genesee Valley Poultry Farm. An action was commenced against her on December 29, 1930. She defaulted in pleading after appearing in the action. In 1933, Grace Newland became the wife of Luther H. Robinson. She died on April 24, 1935. Judgment was entered against her by default on December 20, 1939, but subsequently this judgment was vacated by the court on the ground that it was void and, pursuant to the direction of the

court, a new default judgment was entered against Grace Newland on November 12, 1947.

No proceedings were ever instituted for the administration of the estate of Grace Newland Robinson. No executor or administrator has been appointed.

The action now before the court was commenced on May 19,. 1947. It purports to be a representative creditor's action under section 19 of the Personal Property Law. The supplemental complaint alleges the facts with respect to the institution of the action against Grace Newland and the entry of judgment therein. It then alleges that the defendant Robinson, upon the death of his wife, " fraudulently took over " and " assumed and falsely asserted ownership, possession, control and use " of certain personal property owned by the decedent. This conduct on the part of the defendant Robinson is characterized repeatedly in the complaint as " fraudulent " and as constituting an act " in fraud of the rights of the plaintiff as creditor and of other creditors ". The complaint further alleges that the plaintiff discovered the " said fraud " within six years prior to the commencement of the action. The complaint also alleges that after having seized and appropriated the property to his own use, the defendant Robinson fraudulently mortgaged some of the property to the defendant Nast and sought to create other liens upon the property upon the false representation that he was the owner thereof. The complaint demands judgment that the defendant Robinson be required to account for the property appropriated by him and that his liability therefor be determined and adjudicated for the benefit of the creditors of the decedent's estate.

The defendants have interposed answers denying the allegations of the complaint and setting up, as affirmative defenses, the bar of the Statute of Limitations.

All that is before the court at the present time is a motion by the plaintiff for an examination before trial and for a discovery and inspection but, both upon the oral argument and in their brief, the defendants advanced as a ground for denial of the motion, the claim that the complaint did not state facts sufficient to constitute a cause of action and the further claim that any cause of action on the part of the plaintiff against the defendants was barred by the Statute of Limitations. The defendants did not seriously question the propriety of an examination before trial if it were found that the complaint stated an enforcible cause of action against the defendants.

`. It is the general rule that the insufficiency of the complaint is not a ground for denying an examination before trial, unless the insufficiency of the complaint is so obvious and free from doubt that the parties ought not to be subjected to the expense or trouble of the examination. The proper practice to be followed by the defendants, if they wish to test the sufficiency of the complaint, is to make a motion specifically addressed to the pleadings. (*Cash* v. *American Specialty Tailoring Co.,* 157 App. Div. 729; *Wightman* v. *Wightman,* 173 App. Div. 701; *Moffat* v. *Phoenix Brewery Corp.,* 247 App. Div. 552.)

Nevertheless, under the authorities cited, it is the duty of the court to inquire into the sufficiency of the complaint upon this motion, at least to the extent of determining whether it is obviously deficient.

The original complaint in this action was held to be insufficient by the Hon. JOSEPH A. WECHTER, Justice of this court, in a memorandum handed down July 28, 1947, and upon that ground he denied a motion for examination before trial without prejudice to its renewal after service of an amended or supplemental complaint. Justice WECHTER held that the default judgment entered December 20, 1939, in favor of the plaintiff and against Grace Newland was a nullity, since the judgment had been entered by the clerk after Grace Newland's death upon an ex parte application made by the plaintiff without any disclosure of the intervening death. The plaintiff thereafter applied for and procured an order at Special Term directing the entry of a new default judgment against Grace Newland under the purported authority of section 478 of the Civil Practice Act.

This judgment seems to me to be also a nullity. Under section 478 of the Civil Practice Act, a judgment may be entered against the defendant, notwithstanding the defendant's death, if the death occurred "after an accepted offer to allow judgment to be taken or after a verdict, report or decision". It has been held by the Appellate Division of this department that this provision does not authorize the entry of judgment by default after the death of the defendant, even though the default occurred before his death. Such default is not an accepted offer of judgment nor is it a verdict, report or decision (*Matter of Laughlin,* 255 App. Div. 927). The judgment by default heretofore entered is therefore wholly void. Judgment may be entered upon the default, after the death of the defendant, only after an order is obtained substituting the decedent's personal repre-

sentative as the defendant and continuing the action against him under section 84 of the Civil Practice Act.

While the judgment entered herein against Grace Newland after her decease is void, the action against her is still pending. The Statute of Limitations was tolled by the commencement of the action on December 29, 1930, and therefore no problem as to the Statute of Limitations can arise in connection with the plaintiff's right to enter judgment in that action (*Sulzer* v. *Fontheim*, 170 Misc. 552). However, more than one year having elapsed after the occurrence of the default, judgment may not be entered by the clerk as of course but may be entered only by an order of the court granted upon due notice. (Civ. Prac. Act, § 486, as amd. by L. 1947, ch. 236; Rules Civ. Prac., rules 190, 302, as amd. as of Oct. 15, 1947; Thirteenth Annual Report of N. Y. Judicial Council, 1947, pp. 215–229.) The plaintiff does not have an absolute right to enter judgment against the personal representative of the deceased defendant, but the authorization of such judgment will rest in the discretion of the court and will depend upon the court's being satisfied with the plaintiff's explanation of the long delay in the prosecution of the action. No reason for the delay has been presented to the court upon this motion, but presumably the plaintiff will present its reasons upon its application for leave to enter judgment against the personal representative.

If the plaintiff's application for the entry of judgment, after the substitution of a personal representative of the decedent, is denied and the action is dismissed, the plaintiff will lose its status as a creditor of the decedent, since the enforcement of the original claim is barred by the Statute of Limitations, except to the extent to which it is saved by the pending action and may be embodied in a judgment properly entered therein.

Under these circumstances, it does not seem to me that it would be worthwhile to conduct any examination before trial in this action until it is first determined whether the plaintiff is entitled to recover upon its claim against the decedent. It is true that an action under section 19 of the Personal Property Law may be maintained by a general creditor and that the obtaining of a judgment is not a condition precedent to the maintenance of a creditor's action under that section. However, under the peculiar circumstances of this case, the Statute of Limitations having long since run against the plaintiff's original claim, except to the extent to which it has been saved by the action instituted in 1930, the obtaining of a valid judgment

by the plaintiff in that action is essential in order to enable the plaintiff successfully to pursue the assets of the decedent.

Furthermore, even if the plaintiff succeeds in establishing its status as a creditor of decedent, the present action seems to me to be ill-conceived. The complaint alleges that the defendant Robinson appropriated property which belonged to the decedent, but this does not give rise to any direct right of action on the part of the creditors of the decedent. If the property of a decedent is wrongfully taken by another, an action may be maintained against him by the decedent's personal representative in tort for damages for conversion or for the recovery of the property or for an accounting, or the representative may institute an appropriate proceeding in the Surrogate's Court, but I know of no authority which allows a creditor of the decedent to maintain an action directly against the tort-feasor on account of the taking.

Section 19 of the Personal Property Law, upon which the plaintiff relies, has no application to such a case. This section authorizes a direct action by a creditor of a decedent to set aside a fraudulent transfer of property by the decedent during his lifetime but it is limited to cases in which there was a fraudulent disposition of the property *by the decedent.* (*Magoun* v. *Quigley,* 115 App. Div. 226, appeal dismissed 191 N. Y. 503.)

There is no allegation in the complaint of any fraudulent transfer by Grace Newland. On the contrary, in its brief submitted upon this motion, the plaintiff expressly states that " no fraudulent act on the part of the decedent is the basis for this action ". All that is alleged is that the defendant Robinson took and appropriated the decedent's property after her decease. Throughout the complaint, the appropriation of the decedent's property by the defendant Robinson is repeatedly referred to as " fraudulent " and a " fraud upon the rights of creditors " but these characterizations do not add anything of legal significance to the allegation that he had appropriated the property (*Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259). They certainly do not give rise to a direct right of action against Robinson on behalf of the creditors of the decedent under section 19 of the Personal Property Law. In the context, the words " fraud," and " fraudulent " must be regarded as mere epithets and it need hardly be pointed out that epithets cannot supply deficiencies in a cause of action.

The appropriate remedy to be invoked by the creditors of a decedent whose property has been wrongfully taken by others is to apply to the appropriate Surrogate's Court for the appointment of an administrator and then to have the administrator institute an appropriate action or proceeding against the wrongdoers. Whether the Statute of Limitations will constitute a valid defense in such an action or proceeding under the circumstances of this case need not now be considered. It may be pointed out, however, that under section 57 of the Civil Practice Act the appointment of the administrator will be deemed to have been made within six years after the death of the decedent and it will therefore be conclusively presumed that there was a person in existence capable of enforcing the cause of action on April 24, 1941, six years after the decedent's death. The question of whether the action or proceeding is barred by the Statute of Limitations will have to be decided in the light of that fact, and in the light of the determination then made, as to the precise nature of the defendant's wrong. (*Matter of Maguire,* 161 Misc. 219, affd. 251 App. Div. 337, affd. 277 N. Y. 527).

There are allegations in the complaint with respect to the subsequent pledging of the property alleged to have been wrongfully appropriated by the defendant Robinson and the placing of mortgages and the creation of other liens thereon. These acts are alleged to have been committed fraudulently, in that the defendant Robinson falsely represented that he was the owner of the property. These allegations indicate that a fraud may have been perpetrated upon the persons who advanced credit to Robinson, but obviously this was not a fraud as to the decedent's estate or as to the decedent's creditors since liens created by the wrongdoer could not be effective as against them. These allegations do not establish any right of action on behalf of the decedent's creditors. Obviously, the retransfers by the alleged wrongdoer were not fraudulent transfers by the decedent, for the setting aside of which a creditor's action could be maintained under section 19 of the Personal Property Law.

From the foregoing, it is apparent that the complaint in its present form its fatally defective. The motion for an examination before trial is therefore denied.