This is an appeal from an order of the Court of Claims which granted to respondent the right to inspect and copy the Kings Park State Hospital record of one Elizabeth Warrington, an incompetent patient in the hospital. The patient was injured as a result of a fall from a fourth floor door in the hospital. The application for an examination of the hospital records was made by her committee on her behalf pursuant to subdivision 9 of section 34 of the Mental Hygiene Law, for the purpose of determining whether the incompetent will file a claim against the State for negligence. The State contends that such records are privileged, pursuant to section 352 of the Civil Practice Act, and that the privilege has not been effectively waived in open court. The respondent here does not assert that subdivision 9 of section 34 of the Mental Hygiene Law authorizes a court of record to order such an examination irrespective of section 352 of the Civil Practice Act, but contends that the patient in making the application through her legal representative has effectively waived the privilege pursuant to section 354 of the Civil Practice Act. It is clear and well established that sections 352 and 354 of the Civil Practice Act were intended for the protection of the patient and no one else. We think that when a patient through a proper legal representative files a verified application in a court proceeding asking that the records be disclosed, that the privilege is effectively and irrevocably waived within the spirit and intention of section 354 of the Civil Practice Act. (Clifford v. Denver & Rio Grande R. R. Co., 188 N. Y. 349; Murray v. Physical Culture Motel, 258 App. Div. 334.) The contention of the State that the waiver of the privilege must be made in “ open court ” in a literal and limited sense cannot be sustained. To do so could defeat a valid claim of an incompetent. It would seem incongruous to permit the State, against which a claim for personal injuries may be made, to have present, full and free access to the record of this patient, and to deny the patient, who has made every effort to waive the privilege, that right. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ. [See 278 App. Div. 628.]