SAM INGBER, Plaintiff, *v.* PAULINE WEINBROT et al., Defendants.

Municipal Court of the City of New York, Special Term, Borough of Brooklyn, November 20, 1950.

*Edward Pious* for plaintiff.

*Grundfast & Dinnerstein* for defendants.

HERZKA, J. The gravamen of the complaint is that the defendants fraudulently induced the plaintiff to pay them $400 as a "bonus" for renting an apartment dwelling to the plaintiff. It is alleged that "the defendants falsely and fraudulently stated and represented to the plaintiff that they were legally entitled to receive a bonus under the laws of the State of New York."

In preparation for trial plaintiff seeks to examine the defendants before trial in support of the allegations of the complaint. The defendants resist upon the ground that the complaint does not contain facts sufficient to constitute a cause of action in fraud.

While the court is generally not inclined to inquire into the sufficiency of a pleading upon a motion of this nature, when a pleading is manifestly and obviously inadequate, the court is justified in denying an examination with respect thereto. (*Moffat* v. *Phoenix Brewery Corp.,* 247 App. Div. 552; *Cash* v. *American Specialty Tailoring Co.,* 157 App. Div. 729.)

A party will not be compelled to submit to burdensome and timewasting questioning to obtain evidence which would be ineffective to establish a cause of action. (*Goldstein* v. *Valentine,* 246 App. Div. 610; *Shea* v. *Shea,* 270 App. Div. 527.)

Generally a representation as to the law which applies to a given transaction is regarded as a person's expression of opinion and, therefore, is not sufficient to constitute actionable fraud. (*Duffany* v. *Ferguson,* 66 N. Y. 482; *Levin* v. *Sweet,* 147 App. Div. 894; *Mione* v. *341 Grand St. Corp.,* 74 N. Y. S. 2d 69.)

Even though the assertion is false and fraudulent if it is a statement of domestic law, it will not sustain a cause of action (*Abraham* v. *Wechsler,* 120 Misc. 811, affd. 210 App. Div. 876; *Montkane Funds* v. *Ruff,* 57 N. Y. S. 2d 208, affd. 269 App. Div. 1021) unless a fiduciary relationship exists (*Zacher* v. *Bogie,* 84 N. Y. S. 2d 404) or the representation is made by an individual possessing superior knowledge (*Berry* v. *American Central Ins. Co.,* 132 N. Y. 49) or is a factual statement of foreign law. (*Van Slocham* v. *Villard,* 207 N. Y. 587.)

In the absence of special circumstances a party has no right to rely upon a representation that the law will permit something to be done — and if he does rely upon such a misrepresentation he will not be relieved from the consequences of his folly.

No special circumstances or unusual relationship has been pleaded or alleged in the moving papers. It has been common knowledge that the exaction of a rental "bonus" has been and is unlawful under the housing emergency laws. By the exercise

of ordinary intelligence and reasonable diligence, plaintiff had the means of knowing the truth or falsity of the representations. Hence plaintiff may not now be heard to complain that he was induced to part with his money because of a misrepresentation of the readily ascertainable law. (*White* v. *La Due,* 197 Misc. 589.)

It may be noted that a complaint which seeks to recover a rental bonus payment without allegations of actionable fraud, has recently been held not to state a cause of action. (*Bell* v. *Salkind,* 198 Misc. 613, a decision which this court is presently obliged to follow.)

The complaint herein thus not containing an actionable cause, the court denies the motion for examination in support of it.

Though palpably defective, the complaint is not dismissed because there is no motion for that purpose before the court. (*Honor Brand Milling Co.* v. *Robinson,* 192 Misc. 165.) The proper remedy is to attack the pleading directly, specifically challenging the legal sufficiency. (*Barrett* v. *Matson,* 177 Misc. 863.)